## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT VOORHEES,                      :
                                      :
        *Plaintiff,*             :
                                      :
        v.                       :       **CIVIL ACTION NO._____**
                                      :
EDUCATIONAL COMMISSION FOR            :
FOREIGN MEDICAL GRADUATES,            :
                                      :
        *Defendant.*             :

## COMPLAINT AND JURY DEMAND

### I.    PRELIMINARY STATEMENT:

1.    This is an action for an award of damages, attorneys' fees and other relief on behalf of the Plaintiff, Robert Voorhees ("Plaintiff Voorhees"), a former employee of the Defendant, Educational Commission for Foreign Medical Graduates ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.    This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

### II.    JURISDICTION AND VENUE:

3.    The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Voorhees' claims are substantively based on the ADA and ADEA.

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Voorhees' claims arising under the PHRA.

5.      All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Voorhees has satisfied all jurisdictional prerequisites to the maintenance of this action.  On March 15, 2019, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

## III.   PARTIES:

6.      Plaintiff, Robert Voorhees ("Plaintiff Voorhees"), is a sixty-five (65) year old adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 6003 Spruce Mill Drive, Yardley, Pennsylvania 19067.

7.      Defendant, Educational Commission for Foreign Medical Graduates ("Defendant"), is a non-profit organization duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business therein at 3624 Market Street, 4th Floor, Philadelphia, Pennsylvania 19104.

8.      At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of the Defendant.

9.      At all times material herein, the Defendant is and has been a "person" and "employer" as defined under the ADA, ADEA, and PHRA, and is accordingly subject to the provisions of each said Act.

## IV.   STATEMENT OF CLAIMS:

10.    Plaintiff Voorhees was employed by the Defendant from on or about June 6, 2016 until on or about January 5, 2017, the date of his unlawful termination.

11.    During the course of his employment with the Defendant, Plaintiff Voorhees held the position of Manager of Compensation and Benefits, and at all times maintained a satisfactory job performance rating in said capacity.

12.    By way of background, Plaintiff Voorhees suffers from Clinical Depression and Anxiety Disorder. Said medical conditions constitute disabilities within the meanings of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that they substantially impair one or more of his major life activities, including, but not limited to, concentrating and interacting with others.

13.    In or about September of 2016, Plaintiff Voorhees attended a conference in Seattle, Washington with Betty Lehew ("Lehew"), Vice President of Human Resources and Plaintiff Voorhees' direct supervisor. At a dinner during said conference, Lehew consumed several alcoholic beverages and asked Plaintiff Voorhees "how old are you anyway?" When Plaintiff Voorhees replied that he was sixty-two (62), Lehew exclaimed, "62, really? I didn't know you were that old."

14.    Thereafter, Defendant, through its agents, servants, and employees, including, but not limited to, Lehew, began subjecting Plaintiff Voorhees to discrimination based on his age.

15.    By way of example, following Plaintiff Voorhees' disclosure of his age, the relationship between Lehew and Plaintiff Voorhees quickly deteriorated. Specifically,

Lehew began belittling Plaintiff Voorhees by referring to him as "meek" and "weak," and unjustifiably criticized his job performance. Additionally, during staff meetings, Lehew publically stated that Plaintiff Voorhees was "forgetful" and that he "forgets everything," thereby insinuating that he suffered from memory issues dues to his age.

16.     Moreover, Lehew regularly utilized weekly one-on-one meetings with Plaintiff Voorhees to berate and criticize Plaintiff Voorhees rather than discuss work related topics, thereby causing Plaintiff Voorhees to dread attending the same. During said meetings, Lehew also expressed her unfounded belief that Plaintiff Voorhees' position was "too much" for him.

17.     Accordingly, upon his return from the aforementioned conference in or about September of 2016, Plaintiff Voorhees registered a complaint of age discrimination with Sharon Roman-Trowell ("Roman-Trowell"), Director of Employee Relations and Recruitment Manager. Significantly, Roman-Trowell acknowledged that Lehew was "on" Plaintiff Voorhees, thereby acknowledging that Lehew was singling Plaintiff Voorhees out for disparate treatment. However, Roman-Trowell failed to take any corrective action to cause the discriminatory conduct to cease.

18.     Over the course of the following months, Plaintiff Voorhees began experiencing symptoms associated with his Clinical Depression and Anxiety Disorder as a result of Lehew's discriminatory and hostile treatment. Accordingly, Plaintiff Voorhees' physician recommended that he take a medical leave of absence as treatment for the same.

19.     On or about December 16, 2016, Plaintiff Voorhees disclosed his disabilities to Lehew and requested a medical leave of absence until December 27, 2016 as a reasonable accommodation for his disabilities. Defendant granted said request.

20.     On or about December 27, 2016, Plaintiff Voorhees returned to work. Upon his return, Lehew demanded that Plaintiff Voorhees provide a letter from his physician releasing him to return to work. Upon Plaintiff Voorhees' production of the same, Lehew curtly informed Plaintiff Voorhees that the form was "not properly completed" and directed Plaintiff Voorhees to leave the workplace.

21.     As a result of Lehew's conduct, Plaintiff Voorhees suffered exacerbated symptoms associated with his disabilities and requested an extension of his medical leave of absence until February 20, 2017 as a reasonable accommodation for the same.

22.     In response, Lehew denied Plaintiff Voorhees' request for a reasonable accommodation and abruptly terminated his employment, effective January 5, 2017, allegedly because he would not be present for the "HRIS implementation process." Curiously, the target implementation date was not until July/August of 2017 and very minimal work was completed with respect to said implementation process as of February 20, 2017.

23.     Upon information and belief, following his termination, the Defendant replaced Plaintiff Voorhees with Kiandra Johnson ("Johnson"), a less qualified, less experienced, significantly younger, non-disabled individual.

24.     Plaintiff Voorhees believes and therefore avers that the Defendant's articulated reason for the termination of his employment was pretextual and that the

Defendant actually terminated him on the basis of his age and his actual and/or perceived disabilities and/or record of impairment (Clinical Depression, Anxiety Disorder) and/or in retaliation for requesting a reasonable accommodation for his disabilities.

## COUNT I
### (ADA – Disability Discrimination, Failure to Accommodate, Failure to Engage in the Interactive Process, Retaliation)
### Plaintiff Voorhees v. the Defendant

25.     Plaintiff Voorhees incorporates by reference paragraphs 1 through 24 of his Complaint as though fully set forth herein.

26.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Voorhees to discrimination based on his actual and/or perceived disabilities and/or record of impairment, failing to provide a reasonable accommodation for his disabilities, failing to engage in the interactive process, and retaliating against him for requesting a reasonable accommodation for his disabilities, constituted violations of the ADA.

27.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Voorhees sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

28.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA,

Plaintiff Voorhees suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (ADEA - Age Discrimination, Retaliation)
### Plaintiff Voorhees v. the Defendant

29.    Plaintiff Voorhees incorporates by reference paragraphs 1 through 28 of his Complaint as though fully set forth herein.

30.    The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Voorhees to discrimination based on his age, and retaliation for opposing age discrimination in the workplace, and in knowing or showing reckless disregard for whether its conduct was prohibited by statute, constituted willful violations of the ADEA.

31.    As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Voorhees sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

## COUNT III
### (PHRA - Disability Discrimination, Failure to Accommodate,
### Failure to Engage in the Interactive Process, Age Discrimination, Retaliation)
### Plaintiff Voorhees v. the Defendant

32.    Plaintiff Voorhees incorporates by reference paragraphs 1 through 31 of his Complaint as though fully set forth herein.

7

33.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Voorhees to discrimination based on his age and actual and/or perceived disabilities and/or record of impairment, failing to provide a reasonable accommodation for his disabilities, and failing to engage in the interactive process, and retaliating against him for requesting a reasonable accommodation for his disabilities and opposing discrimination in the workplace, constituted violations of the PHRA.

34.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Voorhees sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

35.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Voorhees suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**PRAYER FOR RELIEF**

36.     Plaintiff Voorhees incorporates by reference paragraphs 1 through 35 of his Complaint as though fully set forth herein.

**WHEREFORE**, Plaintiff Voorhees requests that this Court enter judgment in his favor and against the Defendant, and order that:

a.      Defendant compensate Plaintiff Voorhees with a rate of pay and other

benefits and emoluments of employment to which he would have been entitled had he not

been subjected to unlawful discrimination;

b.      Defendant compensate Plaintiff Voorhees with an award of front pay, if

appropriate;

c.      Defendant pay to Plaintiff Voorhees punitive damages, liquidated damages,

compensatory damages for future pecuniary losses, pain, suffering, inconvenience,

mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.      Defendant pay to Plaintiff Voorhees, pre and post judgment interest, costs

of suit and attorney and expert witness fees as allowed by law;

e.      The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Voorhees demands trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

By:     /s/ Sidney L. Gold, Esquire
        SIDNEY L. GOLD, ESQUIRE
        I.D. No.: 21374
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        (215) 569-1999
        **Attorney for Plaintiff**

DATE:  April 23, 2019

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 4-11-2019

_____
ROBERT VOORHEES, PLAINTIFF