**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ROBERT VOORHEES,

    Plaintiff,

    v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

    Defendant.

Civil Action No. 2:19-cv-01761-JD

**<u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ..................................................................................................1

II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ..................................1

    A.      Mr. Voorhees' Employment With ECFMG ..................................................1

    B.      Mr. Voorhees' Awareness And Pursuit Of His Purported Claims Against ECFMG ..........................................................................................................2

    C.      Mr. Voorhees' Bankruptcy Proceeding ......................................................3

III.    ARGUMENT .......................................................................................................4

    A.      Legal Standard For Motion To Dismiss ......................................................4

    B.      Mr. Voorhees Should Be Judicially Estopped From Pursuing His Claims Against ECFMG Because He Failed To Disclose Them During His Bankruptcy Proceeding .............................................................................5

        1.      Mr. Voorhees Was Required to Disclose His Alleged Causes Of Action Against ECFMG In His Bankruptcy Petition. ..............................5

        2.      Mr. Voorhees Should Be Judicially Estopped From Pursuing His Claims Against ECFMG. ...................................................................10

            a.      Mr. Voorhees Took Irreconcilably Inconsistent Positions In This Court And In The Bankruptcy Court. ..................................11

            b.      Mr. Voorhees' Failure to Disclose His Causes Of Action Against ECFMG Was Done In Bad Faith, And In An Attempt To Play Fast And Loose With The Court. .....................12

            c.      Judicial Estoppel Is Tailored To Address The Harm Caused By Mr. Voorhees' Failure To Disclose His Causes Of Action Against ECFMG, And No Lesser Sanction Would Properly Remedy The Damage Done. ..........................................15

IV.     CONCLUSION ...................................................................................................17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...............................................................................................4

*Castillo v. Coca-Cola Bottling Co. of E. Great Lakes*,
    No. 06-183, 2006 WL 1410045 (E.D. Pa. May 22, 2006) ....................................13

*Coles v. Carlini*,
    No. 10-6132, 2013 WL 3811642 (D.N.J. July 22, 2013) ..................................7, 13

*Danise v. Saxon Mortg. Servs. Inc*,
    738 F. App'x 47 (3d Cir. 2018) ..............................................................5, 6, 10, 12

*DePasquale v. Morgan Stanley Smith Barney LLC*,
    No. 10-6828, 2011 WL 3703110 (D.N.J. Aug. 23, 2011) ...........................7, 13, 16

*Donato v. Metro. Life Ins. Co.*,
    230 B.R. 418 (N.D. Cal. 1999) ...............................................................................7

*Hamilton v. State Farm Fire & Cas. Co.*,
    270 F.3d 778 (9th Cir. 2001) ................................................................................11

*Hardee-Guerra v. Shire Pharm.*,
    737 F. Supp. 2d 318 (E.D. Pa. 2010) ..........................................................8, 12, 16

*Hay v. First Interstate Bank of Kalispell, N. A.*,
    978 F.2d 555 (9th Cir. 1992) ..............................................................................2, 9

*In re Coastal Plains*,
    179 F.3d 197 (5th Cir. 1999), *cert. denied*, 528 U.S. 1117 (2000) .........................9

*In re Haught*,
    207 B.R. 269 (Bankr. M.D. Fla. 1997) ...................................................................9

*In re Sharp*,
    244 B.R. 889 (E.D. Mich. 2000) ............................................................................8

*J.H. Grp., LLC v. Royal Rolling Chairs, LLC*,
    523 F. App'x 922 (3d Cir. 2013) ..........................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

*Kane v. Kane*,
No. 08-5633, 2009 WL 3208653 (D.N.J. Sept. 30, 2009), *aff'd sub nom. In re Kane*, 628 F.3d 631 (3d Cir. 2010) ........................................................................... 9

*Khair-Dorsey v. WellSpan Health*,
No. 16-1084, 2017 WL 770590 (M.D. Pa. Feb. 28, 2017) .................................. 13, 16

*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*,
337 F.3d 314 (3d Cir. 2003) ........................................................ 6, 9, 12, 15, 17

*Lewis v. Eberle & BCI Servs., LLC*,
No. 11-4661, 2013 WL 4483529 (D.N.J. Aug. 19, 2013) ............................ 7, 12, 16

*McKenna v. Healthease, Inc.*,
No. 10-3940, 2013 WL 159379 (E.D. Pa. Jan. 15, 2013) ...................................... 16

*Meisinger v. Prudential Ins. Companies of Am.*,
No. 10-05885, 2011 WL 2036508 (D.N.J. May 23, 2011) ............................... 13, 16

*Okan's Foods v. Windsor Assocs. LP*,
217 B.R. 739 (Bankr. E.D. Pa. 1998) .................................................... 11, 14, 15

*Oneida Motor Freight, Inc. v. United Jersey Bank*,
848 F.2d 414 (3d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988) ........... 5, 6, 9, 10, 12

*Ortlieb v. Hudson Bank*,
312 F. Supp. 2d 705 (E.D. Pa. 2004), *aff'd sub nom. Estate of Ortlieb v. Hudson United Bank*, 128 F. App'x 214 (3d Cir. 2005) ............................................ 6

*Payless Wholesale Distribs., Inc. v. Alberto Culver (P. R.) Inc.*,
989 F.2d 570 (1st Cir. 1993), *cert. denied*, 510 U.S. 931 (1993) ......................... 9, 15

*Prekop v. PNC Bank*,
No. 10-1691, 2013 WL 169730 (W.D. Pa. Jan. 16, 2013) ................................... 16

*Rivet v. Office Depot, Inc.*,
No. 12-02992, 2015 WL 9308246 (D.N.J. Dec. 22, 2015) ................................. 6, 16

*Robinson v. Tyson Foods, Inc.*,
595 F.3d 1269 (11th Cir. 2010) ............................................................... 8

*Rogan v. Giant Eagle, Inc.*,
113 F. Supp. 2d 777 (W.D. Pa. 2000), *aff'd*, 276 F.3d 579 (3d Cir. 2001) ............... 5

*Ryan Operations G.P. v. Forrest Paint Co., Inc.*,
81 F.3d 355 (3d Cir. 1996) ............................................................... 10, 14

# TABLE OF AUTHORITIES

**Page(s)**

*Santori v. MetLife*,
  11 A.D. 3d 597 (N.Y. Sup. Ct., App. Div. 2d Dept, 2004) ........................................ 8

*Schafer v. Decision One Mortg. Corp.*,
  No. 08-5653, 2009 WL 1532048 (E.D. Pa. May 29, 2009) ........................................ 5

*Tilbury v. Aames Home Loan*,
  199 F. App'x 122 (3d Cir. 2006) ........................................................................ 4

*Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n*,
  932 F. Supp. 859 (E.D. Tex. 1996) ...................................................................... 7

**STATUTES**

11 U.S.C. § 522 .................................................................................................... 5

11 U.S.C. § 541 ................................................................................................. 5, 6

11 U.S.C. § 727 .................................................................................................... 4

11 U.S.C. § 1306 ............................................................................................... 5, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ................................................................................................ 4

## I.  <u>INTRODUCTION</u>

On April 23, 2019, Plaintiff Robert Voorhees ("Mr. Voorhees") filed a Complaint against Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") in which he asserts claims of age discrimination, disability discrimination and retaliation arising out of his employment with ECFMG.  However, Mr. Voorhees cannot pursue his claims against ECFMG or recover any damages from ECFMG because he filed for bankruptcy and never disclosed these claims during the bankruptcy proceeding despite a mandatory obligation to do so even though he was well aware of them before he filed for bankruptcy and had ample opportunity during the bankruptcy proceeding to disclose them.  By concealing his claims from his creditors, Mr. Voorhees received a discharge of debts without the corresponding obligation of having turned over all of his assets.  The Third Circuit Court of Appeals and numerous other courts throughout the country – including this one – have held that a plaintiff who fails to disclose his claims in bankruptcy is judicially estopped from later proceeding on those claims.  Likewise, Mr. Voorhees should be judicially estopped from proceeding with the claims asserted in this case and the Court should dismiss the Complaint with prejudice.

## II.  <u>RELEVANT FACTUAL AND PROCEDURAL BACKGROUND</u>[1]

### A.  <u>Mr. Voorhees' Employment With ECFMG</u>

From June 6, 2016 until January 5, 2017, ECFMG employed Mr. Voorhees.  *See* Compl. ¶ 10.  During his employment, Mr. Voorhees worked in ECFMG's Human Resources department as a Benefits and Compensation Manager.  *See id.* ¶ 11.

Mr. Voorhees allegedly has clinical depression and an anxiety disorder, and claims that in the Fall of 2016, he experienced symptoms associated with those alleged conditions.  *See id.* ¶

---

[1]   ECFMG disputes many of Mr. Voorhees' factual allegations, but accepts them for purposes of this Motion only.

18.  He requested to take a leave of absence from approximately December 16, 2016 - December 27, 2016, which ECFMG granted even though Mr. Voorhees had only worked for ECFMG for six months.  *See id.* ¶¶ 10, 19.  On or about December 27, 2016, Mr. Voorhees returned to work. *See id.* ¶ 20.  Thereafter, Mr. Voorhees requested another leave of absence until February 20, 2017, but ECFMG allegedly denied it because it would have prevented him from helping with the HRIS implementation process.  *See id.* ¶¶ 21-22.  On January 5, 2017, Mr. Voorhees' employment with ECFMG ended.  *See id.* ¶ 10.

    **B.**    **Mr. Voorhees' Awareness And Pursuit Of His Purported Claims Against ECFMG**

Mr. Voorhees has long been aware of his purported claims of age discrimination, disability discrimination and retaliation against ECFMG, and pursued those claims both before and during his bankruptcy proceeding.  First, in or about September 2016, Mr. Voorhees allegedly made an internal complaint to ECFMG about alleged age discrimination based on the alleged conduct of Betty LeHew, ECFMG's Vice President of Human Resources.  *See id.* ¶ 17.

Second, sometime before January 31, 2017, while his bankruptcy proceeding was still pending, Mr. Voorhees retained separate employment counsel, who sent a demand letter to ECFMG on January 31, 2017.  *See* January 31, 2017 Letter from Spielberger Law Group to ECFMG, attached as Exhibit A.  The demand letter asserted claims of disability discrimination and retaliation for taking disability-related leave.  *See id.*

Finally, on March 23, 2017, Mr. Voorhees dual-filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") against ECFMG.  *See* Mr. Voorhees' March 23, 2017 EEOC and PHRC Charge, attached as Exhibit B.  This charge asserted claims of age discrimination, disability discrimination and retaliation for taking disability-related leave.

C.    **Mr. Voorhees' Bankruptcy Proceeding**

In 2016, Mr. Voorhees filed for bankruptcy but he never disclosed his claims against ECFMG in connection with his bankruptcy proceeding.  Specifically, on November 17, 2016, Mr. Voorhees, with the assistance of bankruptcy counsel, filed a Chapter 13 Voluntary Petition for Individuals Filing for Bankruptcy ("Bankruptcy Petition") in the United States District Court for the District of New Jersey.  *See* Bankruptcy Petition No. 16-32035-CMG, Dkt. 1, attached as Exhibit C.  In connection with his Bankruptcy Petition, Mr. Voorhees filed Schedules A-J and a Summary of his Assets and Liabilities and Certain Statistical Information under penalty of perjury.  *See id.*  "Schedule A/B: Property" seeks disclosure of all "Claims against third parties, *whether or not you have filed a lawsuit or made a demand for payment*.  Examples: Accidents, *employment disputes*, insurance claims, or rights to sue."  *Id.* at Schedule A/B Property, Question 33 (emphasis added).  Although Mr. Voorhees has asserted employment claims against ECFMG, in response to Question 33, under penalty of perjury, Mr. Voorhees responded "No" and did not identify any of his claims against ECFMG.  *Id.*  "Schedule A/B: Property" also required him to identify "Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims."  *See id.* at Question 34.  Mr. Voorhees, again, under penalty of perjury, responded "No" and did not disclose any of his claims against ECFMG.  *Id.*

On January 10, 2017, just five days after his ECFMG employment ended and just three weeks before his employment counsel sent the demand letter, Mr. Voorhees filed a motion to convert his Chapter 13 bankruptcy into a Chapter 7 bankruptcy.  *See* Bankruptcy Petition No. 16-32035-CMG, Dkt. 11, attached as Exhibit D.  On January 11, 2017, the bankruptcy court entered an order converting the proceeding from a Chapter 13 bankruptcy to a Chapter 7 bankruptcy, and a trustee was appointed to represent the Chapter 7 bankruptcy estate.  *See id.*, Dkt. 13, attached

as Exhibit E; Dkt. 14, attached as Exhibit F.  On January 26, 2017 (*i.e.*, just three weeks after his

ECFMG employment ended, less than one week before his employment counsel sent the demand

letter to ECFMG, and less than one month before he filed his charge of discrimination), Mr.

Voorhees filed an amended Schedule I and Summary of his Assets and Liabilities and Certain

Statistical Information to reflect that he no longer worked for ECFMG or had any income.  *See*

*id.*, Dkt. 17, attached as Exhibit G.  In his amended schedule and summary, which he again

verified as true and correct under penalty of perjury, Mr. Voorhees did not identify any potential

claims against ECFMG.  *See id.*

Despite his continuing obligation to amend his Bankruptcy Petition during its pendency

in the bankruptcy proceeding, Mr. Voorhees never disclosed his claims against ECFMG.  On

April 13, 2017, the Bankruptcy Court entered an Order of Discharge and discharged his debts

under 11 U.S.C. § 727.  *See* Bankruptcy Petition No. 16-32035-CMG, Dkt. 22, attached as

Exhibit H.  On February 27, 2018, the Bankruptcy Court entered a Final Decree and ended the

bankruptcy proceeding.  *See id.*, Dkt. 27, attached as Exhibit I.  On April 23, 2019, Mr. Voorhees

filed the instant action against ECFMG.  *See* Compl.

**III.**    **ARGUMENT**

**A.**    **Legal Standard For Motion To Dismiss**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

Complaint must set forth facts sufficient "to raise a right to relief above the speculative level".

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice.").  "[A] court may examine the facts as alleged in the

pleadings as well as matters of public record, orders, exhibits attached to the complaint, and

items appearing in the record of the case." *Tilbury v. Aames Home Loan*, 199 F. App'x 122, 125

(3d Cir. 2006) (quotation omitted).  Additionally, "[a] court may also take judicial notice of

documents from a bankruptcy proceeding, and consider them on a motion to dismiss."  *Schafer v.*

*Decision One Mortg. Corp.*, No. 08-5653, 2009 WL 1532048, at *3 (E.D. Pa. May 29, 2009); *see*

*also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 (3d Cir. 1988)

("Under either [Rule 12(b)(6) or Rule 12(c)] motion, . . . the district court had to examine the

record of the prior bankruptcy proceeding.  Indeed, the district court was entitled to take judicial

notice of these matters in rendering its decision, regardless of the motion employed."), *cert.*

*denied*, 488 U.S. 967 (1988).  The Court may also consider charges of discrimination filed with

federal agencies.  *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) ("It is

clear to us that under the applicable legal standard we may consider the EEOC charge and related

EEOC documents, including the letter from the EEOC summarizing its investigation, the right to

sue letter, and the intake questionnaire, either as undisputed documents referenced in the

complaint or central to the plaintiff's claim, or as information which is a matter of public record,

without converting this motion to one summary judgment."), *aff'd*, 276 F.3d 579 (3d Cir. 2001).

**B.**     **Mr. Voorhees Should Be Judicially Estopped From Pursuing His Claims Against ECFMG Because He Failed To Disclose Them During His Bankruptcy Proceeding.**

**1.**     **Mr. Voorhees Was Required to Disclose His Alleged Causes Of Action Against ECFMG In His Bankruptcy Petition.**

Under Section 541(a)(1) of the Bankruptcy Code, a bankruptcy estate is comprised of "all

legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy]

case."  11 U.S.C. § 541(a)(1).  Other than property specifically exempted by Section 522 of the

Bankruptcy Code, the bankruptcy estate includes all of the debtor's assets, including potential

claims.  *See* 11 U.S.C. §§ 541(a), 1306(a); *Danise v. Saxon Mortg. Servs. Inc*, 738 F. App'x 47,

50 (3d Cir. 2018) (affirming decision granting motion to dismiss claims that plaintiff failed to

disclose during bankruptcy proceeding based on judicial estoppel grounds and noting that "[t]he debtor's schedule of assets and liabilities 'must disclose, *inter alia*, contingent and unliquidated claims of every nature and provide an estimated value for each one.'") (internal quotation marks omitted) (quoting *Ryan Operations G.P. v. Forrest Paint Co., Inc*., 81 F.3d 355, 362 (3d Cir. 1996)); *Rivet v. Office Depot, Inc.*, No. 12-02992, 2015 WL 9308246, at *3 (D.N.J. Dec. 22, 2015) (granting motions to dismiss on judicial estoppel grounds for failure to disclose wage and hours claims against defendant during bankruptcy proceeding and noting that "[i]n both Chapter 7 and Chapter 13 bankruptcy proceedings, debtors have an affirmative duty to disclose contingent assets to the bankruptcy court").  Moreover, it is the debtor's duty to fully and accurately complete the schedules and forms contained within the bankruptcy petition.  *See Oneida Motor Freight, Inc*, 848 F.2d at 420 ("The district court, although focusing primarily upon basic principles of res judicata, properly stressed the debtor's special duty of candid disclosure when it granted the bank's motion to dismiss.").  "Debtors must therefore identify and disclose all 'property of the estate' including all of the debtor's 'legal and equitable' property interests." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314, 322 (3d Cir. 2003).  This includes contingent causes of action.  *See* 11 U.S.C. §§ 1306(a), 541(a); *Ortlieb v. Hudson Bank*, 312 F. Supp. 2d 705, 710-14 (E.D. Pa. 2004) (granting defendant's motion for summary judgment on judicial estoppel grounds because plaintiff failed to disclose his contingent claims against defendant during bankruptcy process but subsequently tried to pursue those claims in court), *aff'd sub nom. Estate of Ortlieb v. Hudson United Bank*, 128 F. App'x 214 (3d Cir. 2005).

Significantly, a "debtor's duty to disclose is continuous throughout the course of a bankruptcy proceeding." *Danise*, 738 F. App'x at 50 (citing *In re Superior Crewboats, Inc*., 374

F.3d 330, 335 (5th Cir. 2004)).  A debtor's disclosure obligation includes claims that arise after the filing of the bankruptcy petition.  *Lewis v. Eberle & BCI Servs., LLC*, No. 11-4661, 2013 WL 4483529, at *4 (D.N.J. Aug. 19, 2013) (granting motion to dismiss employment claims, which arose ten months after plaintiff's filing of bankruptcy petition, on judicial estoppel grounds); *Coles v. Carlini*, No. 10-6132, 2013 WL 3811642, at *8 (D.N.J. July 22, 2013) (granting defendants' motion for partial summary judgment as to defendants' judicial estoppel defense, and reasoning "[a]lthough Plaintiff['s] bankruptcy plan was confirmed prior to the incident giving rise to the cause of action omitted on his forms, debtors have an ongoing, affirmative duty to disclose contingent assets to the bankruptcy court"); *see also Donato v. Metro. Life Ins. Co.*, 230 B.R. 418, 421 (N.D. Cal. 1999) ("If the debtor is not knowledgeable of all the facts giving rise to a civil action before the filing of his or her petition and financial schedules, the debtor must amend those schedules when he or she becomes aware of the existence of the action because it is an asset of the bankruptcy estate."); *Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n*, 932 F. Supp. 859, 867 (E.D. Tex. 1996) ("If the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a known cause of action such that it must be disclosed.") (internal quotations omitted).  In other words, "[i]f the debtor is unaware of contingent claims at the time when she discloses her assets, the debtor has an obligation to amend the bankruptcy schedule and disclose claims once aware of them." *DePasquale v. Morgan Stanley Smith Barney LLC*, No. 10-6828, 2011 WL 3703110, at *3 (D.N.J. Aug. 23, 2011) (granting motion to dismiss wage and hour claim based on doctrine of judicial estoppel because plaintiff failed to disclose current claim in bankruptcy petition).  "This duty applies to proceedings under Chapter 13 *and* Chapter 7 alike because any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of

judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010) (quotation omitted; emphasis added).

It cannot be disputed that by the time Mr. Voorhees' employment ended on January 5, 2017, Mr. Voorhees was aware of his claims and obligated to amend his bankruptcy filings to disclose his potential causes of action against ECFMG.  Mr. Voorhees specifically alleges that he complained about alleged discrimination prior to that date – in fact, he allegedly complained about discrimination before he filed his Bankruptcy Petition.  Compl. ¶ 17.  Moreover, Mr. Voorhees plainly was aware of those claims as of January 31, 2017 when his attorney sent a demand letter to ECFMG and as of March 23, 2017 when he filed his charge of discrimination. Despite that knowledge, and despite being represented by counsel in both the bankruptcy and EEOC/PHRC proceedings, Mr. Voorhees failed to alert the bankruptcy court to the existence of these claims.  Particularly troubling is that he did not notify the bankruptcy court about his claims against ECFMG even though he filed his amended bankruptcy schedules immediately after his ECFMG employment ended.  *See Hardee-Guerra v. Shire Pharm.*, 737 F. Supp. 2d 318, 329 (E.D. Pa. 2010) ("Even more telling is the fact that [plaintiff] amended her Schedule F in the bankruptcy proceeding—informing the bankruptcy court of additional creditors, but not the discrimination case . . . .").

The purpose of requiring all assets to be scheduled in a bankruptcy is twofold: "one is to settle claims of title, so that on the date of discharge everyone knows who owns what.  The other is to allow the trustee to decide which claims to challenge." *In re Sharp*, 244 B.R. 889, 892 (E.D. Mich. 2000) (citations omitted); *see also Santori v. MetLife*, 11 A.D. 3d 597, 599 (N.Y. Sup. Ct., App. Div. 2d Dept, 2004) ("[A] debtor is required to schedule such causes of action as

assets on the bankruptcy petition so that the trustee can determine whether the claims should be

abandoned, or administered by the bankruptcy court for the benefit of the creditors") (citations

omitted).  The debtor's obligation is to disclose its interest in all property or assets, "even if the

asset is claimed to be worthless or unavailable to creditors because it is not for the Debtor to

determine the importance or significance of a correct answer to the question." *In re Haught*, 207

B.R. 269, 271 (Bankr. M.D. Fla. 1997) (citation omitted).  In sum, full disclosure is essential to

the effective administration of the bankruptcy court.  Indeed, the Third Circuit Court of Appeals

has emphasized that "[t]he importance of full disclosure is underlaid by the reliance placed upon

the disclosure statement by the creditors and the court.  Given this reliance, we cannot

overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of

adequate information." *Krystal Cadillac-Oldsmobile GMC Truck, Inc.*, 337 F.3d at 322 (*quoting

Oneida*, 848 F.2d at 416-18).

"To redress the problems of non-disclosure [during bankruptcy], the Third Circuit applies

the doctrine of judicial estoppel." *Kane v. Kane*, No. 08-5633, 2009 WL 3208653, at *5 (D.N.J.

Sept. 30, 2009), *aff'd sub nom. In re Kane*, 628 F.3d 631 (3d Cir. 2010); *see also Oneida Motor

Freight, Inc.*, 848 F.2d at 419 (finding debtor's failure to list potential claims against a creditor

"worked in opposition to preservation of the integrity of the system which the doctrine of judicial

estoppel seeks to protect," and debtor is estopped by reason of such failure to disclose).[2]  As

explained below, because Mr. Voorhees failed to disclose the existence of his causes of action

---

[2]     Indeed, courts across the country routinely bar plaintiffs from litigating claims that they failed to disclose
during bankruptcy.  *See Hay v. First Interstate Bank of Kalispell, N. A.*, 978 F.2d 555, 557 (9th Cir. 1992) (failure to
give notice of potential cause of action in bankruptcy schedules and Disclosure Statements estops debtor from
prosecuting that cause of action); *In re Coastal Plains*, 179 F.3d 197, 208 (5th Cir. 1999) (holding that debtor is
barred from bringing claims not disclosed in its bankruptcy schedules), *cert. denied*, 528 U.S. 1117 (2000); *Payless
Wholesale Distribs., Inc. v. Alberto Culver (P. R.) Inc.*, 989 F.2d 570, 572 (1st Cir. 1993) (debtor who obtained
relief on representation that no claims existed cannot resurrect such claims and obtain relief on opposite basis), *cert.
denied*, 510 U.S. 931 (1993).

against ECFMG during his bankruptcy proceeding, he should be judicially estopped from

pursuing those claims in the instant lawsuit.

### 2.   Mr. Voorhees Should Be Judicially Estopped From Pursuing His Claims Against ECFMG.

Judicial estoppel, "sometimes called the 'doctrine against the assertion of inconsistent

positions,' is a judge-made doctrine that seeks to prevent a litigant from asserting a position

inconsistent with one that []he has previously asserted in the same or in a previous proceeding."

*Ryan Operations, G.P.*, 81 F.3d at 358 ("The basic principle of judicial estoppel . . . is that absent

any good explanation, a party should not be allowed to gain an advantage by litigation on one

theory, and then seek an inconsistent advantage by pursuing an incompatible theory").  In the

Third Circuit, judicial estoppel is imposed where "(1) the party to be estopped is asserting a

position that is irreconcilably inconsistent with one he or she asserted in a prior proceeding; (2)

the party changed his or her position in bad faith, i.e., in a culpable manner threatening to the

court's authority or integrity; and (3) the use of judicial estoppel is tailored to address the affront

to the court's authority or integrity."  *Danise*, 738 F. App'x at 50 (citing *Montrose Med. Grp.*

*Participating Sav. Plan v. Bulger*, 243 F.3d 773, 777–78 (3d Cir. 2001)).  The doctrine of

judicial estoppel "frequently arises in the context of a failure to list a claim as an asset in a

bankruptcy, and the inconsistent pursuit of an undisclosed claim."  *Id.*  Judicial estoppel prevents

a debtor – like Mr. Voorhees – from asserting claims that were known to the debtor, but not

disclosed during a bankruptcy proceeding.  *See Oneida Motor Freight, Inc.*, 848 F.2d at 419

(concluding plaintiff was estopped from litigating because of failure to disclose).  As detailed

below, all three required elements for the application of judicial estoppel are met here.[3]

---

[3]     "Since judicial estoppel is intended to protect the courts rather than the parties, there is no requirement that
the party urging estoppel demonstrate either that it relied on the other party's prior inconsistent statement, that it was

          **a.**       ***Mr. Voorhees Took Irreconcilably Inconsistent Positions In This Court And In The Bankruptcy Court.***

Mr. Voorhees' assertion of claims in this lawsuit after having represented to the bankruptcy court in the Bankruptcy Petition, under penalty of perjury, that he possessed no claims against ECFMG constitutes an irreconcilably inconsistent position with regard to the claims – *i.e.*, they did not exist for purposes of the bankruptcy, but now they do. *See Okan's Foods v. Windsor Assocs. LP*, 217 B.R. 739, 755 (Bankr. E.D. Pa. 1998) ("[T]he filing of the civil rights claim four months after the plan was confirmed constituted a change of position that satisfied the first of the requirements for application of judicial estoppel."); *see also Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001) (holding that plaintiff "clearly asserted inconsistent positions" when he sued on a claim that he failed to disclose during bankruptcy).

Mr. Voorhees cannot credibly establish that prior to receiving his discharge of debts on April 13, 2017, he did not know of his potential claims against ECFMG.  To the contrary, he clearly knew about them before he filed his original Bankruptcy Petition on November 17, 2016 because, as alleged in the Complaint in this Action, two months earlier, "in or about September of 2016, Plaintiff Voorhees registered a complaint of age discrimination with Sharon Roman-Trowell, Director of Employee Relations and Recruitment Manager." Compl. ¶ 17.  In fact, as an employee in the Human Resources Department, he should have been more acutely aware of his potential employment-related claims.  And, at the absolute very least, he clearly knew about all of his claims against ECFMG before the conclusion of bankruptcy proceeding on February 27, 2018 because he had already retained employment counsel, who had sent a demand letter to

---

a party or in privity with a party in the proceeding in which the prior statement was made, or even that the party making the statement benefited in any way from its prior assertion." *Okan's Foods*, 217 B.R. at 754-55.

ECFMG on January 31, 2017, and he had already filed his charge of discrimination on March 23,
2017.  *See* Exhibits A & B.  *See Hardee-Guerra*, 737 F. Supp. 2d at 329 (finding plaintiff took
two inconsistent position in bad faith where plaintiff did not disclose her employment claims in
her bankruptcy filings after filing charge of discrimination with EEOC and PHRC).

Mr. Voorhees also cannot reconcile the fact that he had no claims against ECFMG for the
purposes of his bankruptcy and paying his creditors, but now he does.  *See Lewis*, 2013 WL
4483529, at *3 (finding that plaintiff "took inconsistent positions by failing to amend her
bankruptcy petition to disclose her interests in this [lawsuit] thereby offending her obligation for
candor to the bankruptcy court").  Accordingly, the first element for the application of judicial
estoppel is satisfied.

> **b.**  ***Mr. Voorhees' Failure to Disclose His Causes Of Action Against
> ECFMG Was Done In Bad Faith, And In An Attempt To Play
> Fast And Loose With The Court.***

In the Third Circuit, a "rebuttable inference of bad faith arises when averments in the
pleadings demonstrate both knowledge of a claim and a motive to conceal that claim in the face
of an affirmative duty to disclose."  *Krystal Cadillac-Oldsmobile GMC Truck, Inc.*, 337 F.3d at
321 (citing *Oneida Motor Freight, Inc.*, 848 F.2d. at 416-18).  In particular, courts within the
Third Circuit find an inference of bad faith where the plaintiff knew of his claims, but failed to
disclose them prior to the closing of his bankruptcy case.  *See, e.g.*, *id.*; *Danise*, 738 F. App'x at
51 ("A motive to conceal is apparent from the damages that Danise seeks.  If disclosed during
the bankruptcy proceedings, the claim may have affected the size of the bankruptcy estate, to the
benefit of Danise's creditors and to her financial detriment.  Because there was 'evidence in the
record from which an inference of deliberate manipulation could be drawn,' contravening
Danise's assertion that she lacked knowledge, the District Court did not abuse its discretion in

finding the second prong of the framework satisfied.")[4]   This is precisely the case here where Mr. Voorhees, who had both bankruptcy counsel and employment counsel, clearly knew about his claims before he filed the Bankruptcy Petition and actually started pursuing his claims against ECFMG long before the bankruptcy proceeding ended, but he failed to disclose those claims to the bankruptcy court and actually affirmatively stated in his bankruptcy filings that he had no such claims.

Mr. Voorhees cannot avoid dismissal of this Action by claiming that he did not know he had to disclose his claims against ECFMG in his bankruptcy filings.   He had at least two law firms representing him at the time of his bankruptcy proceeding.   *See Castillo v. Coca-Cola Bottling Co. of E. Great Lakes*, No. 06-183, 2006 WL 1410045, at *3 (E.D. Pa. May 22, 2006) ("Castillo has not successfully rebutted this inference of bad faith. He claims that he did not 'fully understand the United States Bankruptcy Code requirements' but has not explained how, aided by counsel, he could have misunderstood a direct question as to whether he was a party in an administrative action.").   He also cannot use reliance on counsel as excuse for failing to disclose his potential claims against ECFMG.   *See Meisinger v. Prudential Ins. Companies of Am.*, No. 10-05885, 2011 WL 2036508, at *3 (D.N.J. May 23, 2011) (finding that plaintiff's

---

[4]       *See also Khair-Dorsey v. WellSpan Health*, No. 16-1084, 2017 WL 770590, at *4 (M.D. Pa. Feb. 28, 2017) ("Thus, as a threshold matter this element is met, subject to rebuttal, when the party invoking judicial estoppel shows that the opposing party had knowledge of a claim prior to the filing of the bankruptcy petition, and then failed to fully disclose that claim in later bankruptcy filings under circumstances where a motive to conceal may be inferred."); *Coles*, 2013 WL 3811642, at *11 ("Coles and Ballinger had a motive to conceal the contingent assets, disclosure of which would have been material to creditors who need to analyze all of the potential assets and who, potentially, could have litigated on behalf of Plaintiffs, had Coles and Ballinger decided not to pursue the claim. Without disclosure that these plaintiffs, as debtors, were simultaneously pursuing claims for compensatory and punitive damages, their creditors could not make an informed choice of how to pursue their interests.  Therefore, a presumption of bad faith arises in this case."); *DePasquale*, 2011 WL 3703110, at *7 ("In short, Plaintiff's failure to amend her bankruptcy filings by October 2010 at the latest, despite an affirmative obligation to do so, amounts to an inference of bad faith.").

reliance of counsel excuse for failing to disclose his potential tort action in prior bankruptcy proceedings was insufficient).

Additionally, it is not necessary that Mr. Voorhees actually derive a benefit from having taken inconsistent positions. Rather, judicial estoppel may be applied even when no benefit arose from the original position. *See Ryan Operations G.P.*, 81 F.3d at 361 (explaining "[w]e readily conclude that the doctrine of judicial estoppel in this circuit contains no such requirement" that "a party must have benefitted from her prior position in order to be judicially estopped from subsequently asserting an inconsistent one.").  Critically, "statements or conduct of the debtor evincing a reckless disregard for the truth satisfies the element of intent." *In re Okan's Foods*, 217 B.R. at 755.  As the court in *In re Okan's Foods* found:

> the circumstances present here [are] strikingly similar to the situation faced by First Circuit Court of Appeals in *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.* . . . . The following excerpt from that opinion is particularly germane to the matter sub judice:
>
>> The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh. Assuming there is validity in Payless's present suit, it has a better plan. Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights.  This is a palpable fraud that the court will not tolerate, even passively. *See, e.g., In re H.R.P. Auto Center, Inc.*, 130 B.R. 247, 253-54 (Bankr. N.D. Ohio 1991) (collecting cases). Payless, having obtained judicial relief on the representation that no claims existed, can not now resurrect them and obtain relief on the opposite basis.
>
> 989 F.2d at 571 (emphasis added).
>
> Similar to the situation present in *Payless*, and the *Oneida* case from our own Circuit, the Debtor failed to disclose to its creditors, prior to confirmation, the existence of a rather significant claim that would have inured to their benefit.

14

217 B.R. at 756.

Like the failed disclosure in *In re Okan's Foods*, *Payless*, and *Oneida*, "[t]he only reasonable conclusion to be drawn from the forgoing is in failing to disclose [his] . . . claim prior to confirmation [Mr. Voorhees] sought to preserve for [his] own uses, to the exclusion of [his] creditors, any recovery [he] might obtain upon a successful prosecution of such claim.  Such manipulation of the bankruptcy system constitutes bad faith, and cannot be countenanced."  *In re Okan's Foods*, 217 B.R. at 756.  As a result, the second element for the application of judicial estoppel has been satisfied.

        **c.**      ***Judicial Estoppel Is Tailored To Address The Harm Caused By Mr. Voorhees' Failure To Disclose His Causes Of Action Against ECFMG, And No Lesser Sanction Would Properly Remedy The Damage Done.***

No lesser sanction than dismissal of the Complaint with prejudice would remedy the damage done by Mr. Voorhees' deceitful conduct.  As explained by the Third Circuit Court of Appeals under similar circumstances:

> Applying a lesser sanction here (such as requiring [Plaintiff] to pay unsecured creditors the balance of their claims out of any damages [Plaintiff] might recover from the instant action) would reward [Plaintiff] for what appears to be duplicitous conduct in the course of his bankruptcy proceeding.  [Plaintiff] would still reap the benefit of any recovery beyond the amount paid to satisfy outstanding debts.  In addition, the integrity of both the bankruptcy process and the judicial process would suffer.  In short, allowing [Plaintiff] the lesser sanction . . . would send a message that "a debtor should consider disclosing potential assets only if she is caught concealing them." . . . The Bankruptcy Court was understandably reluctant to allow [Plaintiff] to use sleight of hand to show its cards to its creditors and so are we.  Dismissal is necessary to prevent [Plaintiff] from profiting from its omission.  It is also "required to preserve the integrity of the earlier proceedings."

*Krystal Cadillac-Oldsmobile GMC Truck, Inc.*, 337 F.3d at 325 (internal citations omitted); *see also J.H. Grp., LLC v. Royal Rolling Chairs, LLC*, 523 F. App'x 922, 923 (3d Cir. 2013)

(holding that dismissal "was appropriate because a lesser sanction would send a message that a debtor should disclose only if he is caught hiding them"); *DePasquale*, 2011 WL 3703110, at *7 (recognizing that lesser sanction of allowing plaintiff to pursue her claim and potentially enlarge estate available to fund bankruptcy plan "essentially amount[s] to no sanctions whatsoever" and would "only serve to reward [plaintiff] for misleading the Bankruptcy Court, and would allow future debtors to take a 'wait and see' approach to their disclosure obligations").

Here, no lesser sanction would be appropriate.  The bankruptcy court entered the Order of Discharge over two years ago and enter a Final Decree ending the bankruptcy proceeding over one year ago such that he cannot amend the Bankruptcy Petition now.  Moreover, ECFMG does recognize that some courts have decided to preclude plaintiffs from recovering money damages in their previously-undisclosed civil rights actions since that money should have been made available to creditors, but permitted civil rights claims for equitable relief to go forward.  *See Hardee-Guerra*, 737 F. Supp. 2d at 332; *see also Khair-Dorsey*, 2017 WL 770590, at *7; *McKenna v. Healthease, Inc.*, No. 10-3940, 2013 WL 159379, at *3 (E.D. Pa. Jan. 15, 2013). However, this is not a potential solution here because Mr. Voorhees seeks only monetary relief. *See* Compl. Prayer for Relief.  Finally, courts within the Third Circuit have routinely concluded that judicial estoppel is an appropriate remedy where plaintiffs failed to disclose their employment-related claims during their bankruptcy proceedings and dismissed those cases in their entirety.  *See, e.g.*, *Rivet*, 2015 WL 9308246, at *4 (granting motion to dismiss wage and hours claims); *Lewis*, 2013 WL 4483529, at *2 (granting motion to dismiss plaintiff's FMLA and ADA claims); *Prekop v. PNC Bank*, No. 10-1691, 2013 WL 169730, at *2 (W.D. Pa. Jan. 16, 2013) (granting motion to dismiss gender discrimination, disability discrimination and retaliation claims); *Meisinger* , 2011 WL 2036508, at *1 (granting motion to dismiss discrimination and

16

intentional infliction of emotional distress claims).  Accordingly, this Court should invoke the doctrine of judicial estoppel and dismiss the Complaint with prejudice.  Anything less would send a message that "a debtor should consider disclosing potential assets only if he is caught concealing them."  *Krystal Cadillac-Oldsmobile GMC Truck, Inc.*, 337 F.3d at 325.

## IV.    <u>CONCLUSION</u>

For the reasons stated above, the Court should dismiss the Complaint with prejudice and order that Mr. Voorhees shall pay the fees and costs incurred by ECFMG in preparing and filing the Motion to Dismiss because Mr. Voorhees should not have filed this lawsuit after he failed to disclose his claims against ECFMG in his bankruptcy proceeding.


Dated: June 5, 2019                                     Respectfully submitted,

                                                        */s/ Anne E. Martinez*
                                                        Anne E. Martinez (Pa. ID No. 201189)
                                                        Sean R. Caulfield (Pa. ID No. 322461)
                                                        MORGAN, LEWIS & BOCKIUS LLP
                                                        1701 Market Street
                                                        Philadelphia, PA  19103
                                                        Phone:  215.963.5000
                                                        Fax:    215.963.5001
                                                        Email: anne.martinez@morganlewis.com
                                                               sean.caulfield@morganlewis.com

                                                        *Attorneys for Defendant*
                                                        *Educational Commission For Foreign*
                                                        *Medical Graduates*