# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT VOORHEES, | CIVIL ACTION NO.: 19-1761 |
| *Plaintiff,* | |
| v. | |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, | |
| | Honorable Jan E. DuBois |
| *Defendant.* | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff, Robert Voorhees ("Plaintiff"), by and through his undersigned counsel, Sidney L. Gold & Associates, P.C., hereby submits this Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint.

SIDNEY L. GOLD & ASSOC., P.C.

By:  /s/ Jamie L. Ford, Esquire
JAMIE L. FORD, ESQUIRE
I.D. NO.: 320631
SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21734
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
Attorneys for Plaintiff

DATED: July 3, 2019

# TABLE OF CONTENTS

TABLE OF CASES AND AUTHORITIES .................................................................................. ii

I. INTRODUCTION ............................................................................................................. 1

II. COUNTER STATEMENT OF FACTS ............................................................................. 1

    A. Defendant's Discriminatory Conduct ................................................................... 1

    B. Defendant's Bankruptcy Proceeding .................................................................... 3

III. ARGUMENT ..................................................................................................................... 4

    A. Legal Standard ...................................................................................................... 4

    B. Judicial Estoppel Is Inappropriate and Plaintiff Should Be Permitted to Pursue his Claims Against Defendant ................................ 5

        1. Judicial Estoppel Is An Extraordinary Sanction That Must Be Used Sparingly ........................................................................ 5

        2. The Elements Warranting the Imposition of Judicial Estoppel Are Not Met .................................................................................. 7

IV. CONCLUSION .................................................................................................................. 9

CERTIFICATION OF SERVICE ................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Bartel v. A-C Prod. Liab. Trust*, 2016 U.S. Dist. LEXIS 174817
(E.D. Pa. Dec. 16, 2016)..................................................................................................8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..............................................................5

*Benjamin v. Nat'l R.R. Passenger Corp.*, 2011 U.S. Dist. LEXIS 55432
(E.D. Pa. May 23, 2011)...............................................................................................6, 7

*Castillo v. Coca-Cola Bottling Co.*, 2006 U.S. Dist. LEXIS 32062
(E.D. Pa. May 22, 2006)...............................................................................................8, 9

*Coast Auto Grp., Ltd. v. VW Credit, Inc.*, 34 Fed. Appx. 818 (3d Cir. 2002)............................6

*Coles v. Carlini*, 2013 U.S. Dist. LEXIS 101873
(D. N.J, July 22, 2013)......................................................................................................9

*Conley v. Gibson*, 355 U.S. 41 (1957)......................................................................................5

*Idearc Media LLC v. Glassman*, 2011 U.S. Dist. LEXIS 14865
(E.D. Pa. Feb. 15, 2011)...................................................................................................7

*In re Kane*, 628 F.3d 631 (3d Cir. 2010)..................................................................................6

*Khair-Dorsey v. Wellspan Health*, 2017 U.S. Dist. LEXIS 27407
(M.D. Pa. Feb. 28, 2017)....................................................................................5, 6, 8, 9

*Klein v. Stahl GMBH & Co. Maschinefabrik*, 185 F.3d 98 (3d Cir. 1999)............................5, 6

*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314
(3d Cir. 2003)...............................................................................................................6, 7

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)...............................................4, 5

*Pinker v. Roche Holdings Ltd.*, 292 F.3d 361 (3d Cir. 2002)....................................................4

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355
(3d Cir. 1996) ................................................................................6, 7, 8

**Rules**

Fed. R. Civ. P. 8 ..............................................................................4, 5

Fed. R. Civ. P. 12(b)(6) ........................................................................4

**I.      INTRODUCTION**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. On April 23, 2019, Plaintiff, Robert Voorhees ("Plaintiff") filed a Complaint against Defendant, Educational Commission for Foreign Medical Graduates ("Defendant"), asserting claims of age discrimination, disability discrimination, and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"). On June 5, 2019, Defendant filed this Motion to Dismiss Plaintiff's Complaint arguing that Plaintiff cannot pursue his claims against Defendant based on his prior bankruptcy proceeding. Defendant consistently misstates the applicable legal standards and fails to apply the facts in the light most favorable to the Plaintiff. For the reasons set forth at length below, judicial estoppel is an inappropriate sanction and Plaintiff should be permitted to proceed with his claims against Defendant.

**II.     COUNTERSTATEMENT OF FACTS**

    **A.      Defendant's Discriminatory Conduct**

Plaintiff was employed by Defendant as manager of compensation and benefits from on or about June 6, 2016 until on or about January 5, 2017, the date of his termination. By way of background, Plaintiff suffers from clinical depression and anxiety disorder. Said medical conditions constitute disabilities within the meanings of the ADA and PHRA in that they substantially impair one or more of his major life activities, including, but not limited to, concentrating and interacting with others.

In or about September of 2016, Plaintiff attended a conference in Seattle, Washington with Betty Lehew ("Lehew"), Vice President of Human Resources and Plaintiff's direct supervisor. At a dinner during said conference, Lehew consumed several alcoholic beverages and

1

asked Plaintiff, "how old are you anyway?" When Plaintiff replied that he was 62, Lehew exclaimed, "62, really? I didn't know you were that old."

Thereafter, Defendant through its agents, servants, and employees, including, but not limited to, Lehew, began subjecting Plaintiff to discrimination based on his age. By way of example, following Plaintiff's disclosure of his age, the relationship between Lehew and Plaintiff quickly deteriorated. Specifically, Lehew began belittling Plaintiff by referring to him as "meek" and "weak," and unjustifiably criticized his job performance. Additionally, during staff meetings, Lehew publically stated that Plaintiff was "forgetful" and that he "forgets everything," thereby insinuating that he suffered from memory issues due to his age. Moreover, Lehew regularly utilized weekly one-on-one meetings with Plaintiff to berate and criticize Plaintiff rather than discuss work related topics, thereby causing Plaintiff to dread attending the same. During said meetings, Lehew also expressed her unfounded belief that Plaintiff's position was "too much" for him.

Accordingly, in or about September of 2016, Plaintiff registered a complaint of age discrimination with Sharon Roman-Trowell ("Roman-Trowell"), Director of Employee Relations and Recruitment Manager. Roman-Trowell acknowledged that Lehew was "on" Plaintiff, thereby acknowledging that Lehew was singling Plaintiff out for disparate treatment. However, Roman-Trowell failed to take any corrective action to cause the discriminatory conduct to cease.

Over the course of the following months, Plaintiff Voorhees began experiencing symptoms associated with his clinical depression and anxiety disorder as a result of Lehew's discriminatory treatment. Accordingly, Plaintiff's physician recommended that he take a medical leave of absence as treatment for the same. On or about December 16, 2016, Plaintiff disclosed

his disabilities to Lehew and requested medical leave until December 27, 2016 as a reasonable accommodation for the same.

On or about December 27, 2016, Plaintiff returned to work. Upon his return, Lehew demanded that Plaintiff provide a letter from his physician releasing him to return. Upon Plaintiff's production of the same, Lehew curtly informed Plaintiff that the form was "not properly completed" and directed Plaintiff to leave the workplace. As a result of Lehew's conduct, Plaintiff suffered exacerbated symptoms associated with his disabilities and requested an extension of his medical leave until February 20, 2017 as a reasonable accommodation.

In response, Lehew denied Plaintiff's request for accommodation and terminated his employment, effective January 5, 2017, allegedly because he would not be present for the "HRIS implementation process." Curiously, the target implementation date was not until July/August of 2017 and very minimal work was completed with respect to said implementation process as of February 20, 2017. Following his termination, Defendant replaced Plaintiff with Kiandra Johnson, a less qualified, less experienced, significantly younger, non-disabled individual.

**B.    Plaintiff's Bankruptcy Proceeding**

On November 17, 2016, Plaintiff filed a Chapter 13 Voluntary Petition for Individuals Filing for Bankruptcy in the United States District Court for the District of New Jersey. See Bankruptcy Petition No. 16-32035-CMG, Dkt. 1, attached to Defendant's Motion as "Exhibit C." At that time that Plaintiff filed his Bankruptcy Petition, Plaintiff was a current employee of Defendant and had not yet asserted any claims against Defendant in connection with his employment. Thereafter, on January 10, 2017, Plaintiff filed a motion to convert his Chapter 13 bankruptcy into a Chapter 7 bankruptcy. See Bankruptcy Petition No. 16-32035-CMG, Dkt. 11, attached to Defendant's Motion as "Exhibit D." On January 11, 2017, the bankruptcy court

entered an order converting the bankruptcy from Chapter 13 to Chapter 7 and appointed a trustee to represent the bankruptcy estate. See Id., Dkt. 13, attached to Defendant's Motion as "Exhibit E" and Dkt. 14, attached to Defendant's Motion as "Exhibit F."

At the time that Plaintiff filed the aforesaid Bankruptcy Petitions, he had not yet asserted any claims against Defendant in connection with his employment. Indeed, Plaintiff was a current employee at the time that he filed his initial Chapter 13 Bankruptcy Petition. Moreover, Plaintiff learned of the termination of his employment only five days prior to filing his motion to convert his bankruptcy to Chapter 7. Simply, Plaintiff was unaware of his right to assert a claim against Defendant in connection with the separation of his employment at the time he filed either of said Petitions. It was not until January 31, 2017 that Plaintiff retained legal counsel and learned of his potential claims against Defendant. Moreover, it was not until March 21, 2017 that Plaintiff actually asserted a claim against Defendant by dual filing a Charge of discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

## III. ARGUMENT

### A. Legal Standard

When ruling on a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Federal Rule of Civil Procedure 8(a). Federal Rule of Civil Procedure 8(a)(2)

merely requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L. Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)).

"Stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965 n.3). "A complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. at 231 (citing Twombly, 127 S. Ct. at 1964-65, 1969 n.8). Federal Rule of Civil Procedure 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234.

### B. Judicial Estoppel Is Inappropriate and Plaintiff Should Be Permitted to Pursue his Claims Against Defendant.

Defendant argues that Plaintiff should be judicially estopped from pursuing his claims against Defendant because of his alleged failure to disclose his claims against Defendant during his bankruptcy proceeding. However, judicial estoppel, an exceedingly harsh penalty, is wholly inappropriate here because the elements warranting the imposition of such a sanction are simply not met.

#### 1. Judicial Estoppel Is An Extraordinary Sanction That Must Be Used Sparingly.

The doctrine of judicial estoppel is premised upon the inherent power of the court to punish misfeasance by parties. Khair-Dorsey v. Wellspan Health, 2017 U.S. Dist. LEXIS 27407, *8 (M.D.Pa. Feb. 28, 2017) (citing Klein v. Stahl GMBH & Co. Maschinefabrik, 185 F.3d 98,

108 (3d Cir. 1999)). Given the severe nature of this sanction, which precludes a party from pursuing a claim, it is well settled that "inconsistencies are not sanctionable unless a litigant has taken one or both positions in bad faith – i.e., with intent to play fast and loose with the court." Id. at *9 (citing Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 361 (3d Cir. 1996)). Judicial estoppel should be used sparingly by the courts only to avoid a miscarriage of justice. Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC, 337 F.3d 314, 319 (3d Cir. 2003). Importantly, in every instance, "judicial estoppel is a fact-specific, equitable doctrine, applied at courts' discretion. Khair-Dorsey, 2017 U.S. Dist. LEXIS 27407 at *13 (citing In re Kane, 628 F.3d 631, 638 (3d Cir. 2010)). Therefore, the unique factual context of each case often suggests how this broad discretion should be exercised. Id.

Because application of judicial estoppel entails an assessment of a party's bad faith, the resolution of such estoppel claims often involve matters beyond the pleadings. Id. *11. While "a district court need not always conduct an evidentiary hearing before finding the existence of bad faith for judicial estoppel purposes…two precepts are nevertheless clear. First, a court considering the use of judicial estoppel should ensure that the party to be estopped has been given a meaningful opportunity to provide 'an explanation' for its changed position. Second, though a court may sometimes 'discern' bad faith without holding an evidentiary hearing, it may not do so if the ultimate finding of bad faith cannot be reached without first resolving genuine issues as to the underlying facts." Id. at *11-12 (citing Coast Auto Grp., Ltd. v. VW Credit, Inc., 34 F. App'x 818, 824 (3d Cir. 2002)). Courts are reluctant to assert judicial estoppel on the pleadings alone, particularly where those pleadings reveal an underlying factual dispute between the parties. Id. at *13 (citing Benjamin v. Nat'l R.R. Passenger Corp., 2011 U.S. Dist. LEXIS

55432 (E.D.Pa. May 23, 2011); Idearc Media LLC v. Glassman, 2011 U.S. Dist. LEXIS 14865 (E.D.Pa. Feb. 15, 2011)).

### 2. The Elements Warranting the Imposition of Judicial Estoppel Are Not Met.

The harsh remedy of judicial estoppel should not be applied to the case at bar because the three required elements are not met. The extraordinary remedy of judicial estoppel may only be imposed if three requirements are met: (1) "the party to be estopped must have taken two positions that are irreconcilably inconsistent"; (2) the party must have "changed [their] position in bad faith . . . with intent to play fast and loose with the court"; and (3) the use of judicial estoppel must be "tailored to address the harm identified and no lesser sanction would [be adequate]." Krystal, 337 F.3d at 319. (citation omitted).

Importantly, the assertion of an inconsistent position does not automatically lead to a finding of judicial estoppel. Ryan Operations, 81 F.3d at 362. The doctrine requires a showing of "intentional wrongdoing" as a means to gain an unfair advantage, and does not apply when an inconsistent position is taken due to "a good faith mistake," or a "careless or inadvertent nondisclosure." Id. at 362, 364. Moreover, the Third Circuit recognizes a rebuttable inference of bad faith, which requires evidence of "***both*** [the] knowledge of a claim and a motive to conceal that claim." Krystal, 337 F.3d at 321. (emphasis added).

The first element requires that Plaintiff asserted irreconcilably inconsistent positions. At the time that Plaintiff filed his Chapter 13 bankruptcy on November 17, 2016, he was a current employee of Defendant and lacked knowledge of any claims against Defendant. Thereafter, at the time that Plaintiff requested a conversion of his bankruptcy from Chapter 13 to Chapter 7 on January 10, 2017, Plaintiff had been terminated by Defendant only five days prior and was unaware of his potential claims against Defendant, as he had not yet retained legal counsel.

Simply, at the time Plaintiff filed both of the aforesaid Petitions, he was unaware of the existence of potential legal claims against Defendant. Thus Plaintiff did not make irrevocably inconsistent statements when he denied involvement in existing or potential claims against third parties, including employment disputes.

The second element of judicial estoppel requires that Plaintiff change his position in bad faith. Defendant had presented ***no evidence whatsoever*** that Plaintiff intentionally or deliberately failed to disclose his employment claim in his bankruptcy proceedings. An absence of evidence showing that "an omission was deliberate" fails the bad faith element. Bartel v. A-C Prod. Liab. Trust, 2016 U.S. Dist. LEXIS 174817, *19 (E.D.Pa. Dec. 16, 2016). Defendant attempts to assert a rebuttable inference of bad faith, alleging both knowledge of the claim and a motive to conceal that claim, yet presents no evidence to support its contention beyond its own beliefs. Crucially, the doctrine of judicial estoppels does not punish "careless or inadvertent nondisclosure" that does not rise to the prohibited level of "deliberate manipulation," and Defendant has wholly failed to present any credible evidence demonstrating that Plaintiff planned to intentionally mislead the court. Ryan Operations, 81 F.3d at 364. Simply, Defendant's misplaced belief, without more, is insufficient.

Moreover, the third element of judicial estoppel requires no lesser sanction to be appropriate as a remedy to the alleged misconduct. A dismissal per judicial estoppel is meant to be an action of last resort and is only to be issued as the "only effective remedy." Castillo v. Coca-Cola Bottling Co., No. 06-183, 2006 U.S. Dist. LEXIS 32062, *1, *10 (E.D. Pa. May 22, 2006). Several courts in the Third Circuit have applied a reasonable / practical approach to judicial estoppel, estopping plaintiffs from pursuing compensatory and punitive damages, while allowing the pursuit of equitable, declaratory and injunctive relief. See Khair-Dorsey v.

8

Wellspan Health, No. 1:16-CV-1084, 2017 U.S. Dist. LEXIS 27407, *1 (M.D. Pa. Feb. 28, 2017); Coles v. Carlini, No. 10-6132, 2013 U.S. Dist. LEXIS 101873, *1, (D. N.J. July 22, 2013); Castillo v. Coca-Cola Bottling Co., No. 06-183, 2006 U.S. Dist. LEXIS 32062, *1 (E.D. Pa. May 22, 2006). This approach finds a middle ground between dismissing a claim wholesale and allowing debtors to misstate their assets without impunity by allowing plaintiffs to pursue damages that would make them whole without adding value to their bankruptcy estate.

Despite the presence of the first two factors of a judicial estoppel in Castillo, the court only precluded the plaintiff from recovering compensatory damages, while allowing pursuit of equitable relief. Castillo, 2006 U.S. Dist. LEXIS 32062 at *11. The Castillo court also noted that back-pay and front-pay would not have been included in plaintiff's bankruptcy estate, even if it was fully disclosed, thus the plaintiff was also free to pursue those damages. Id. Such an approach "recognizes the practical reality" that claims for equitable relief in employment discrimination add minimal value to a bankruptcy estate and sanctions lack of candor while avoiding "imposing disproportionate sanctions" against a plaintiff who failed to disclose an equitable claim of little value to the bankruptcy estate. Khair-Dorsey, 2017 U.S. Dist. LEXIS 27407 at *22.

Based on the foregoing, as the necessary elements warranting judicial estoppel are not met, Plaintiff should be permitted to pursue his claims against Defendant.

**IV. CONCLUSION:**

For the reasons set forth above, Plaintiff respectfully requests that the Court deny the Defendant's Motion in its entirety.

                                  SIDNEY L. GOLD & ASSOC., P.C.

By:   /s/ Jamie L. Ford, Esquire
       JAMIE L. FORD, ESQUIRE
       I.D. NO.: 320631
       SIDNEY L. GOLD, ESQUIRE
       I.D. NO.: 21734
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       (215) 569-1999
       Attorneys for Plaintiff

DATED: July 3, 2019

## CERTIFICATE OF SERVICE

I, Jamie L. Ford, Esquire hereby certify a true and correct copy of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, was forwarded to counsel below on this date via the court's ECF filing system:

Sean R. Caulfield, Esquire
Anne E. Martinez, Esquire
MORGAN LEWIS & BOCKIUS
1701 Market Street
Philadelphia, PA 19103
**Attorneys for Defendant**

SIDNEY L. GOLD & ASSOC., P.C.

By:     /s/ Jamie L. Ford, Esquire
        JAMIE L. FORD, ESQUIRE
        I.D. NO.: 320631
        SIDNEY L. GOLD, ESQUIRE
        I.D. NO.: 21734
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        (215) 569-1999
        Attorneys for Plaintiff

DATED: July 3, 2019