**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT VOORHEES, | |
| Plaintiff, | |
| v. | Civil Action No. 2:19-cv-01761-JD |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, | |
| Defendant. | |

<u>**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>

I.      **INTRODUCTION**

Plaintiff Robert Voorhees' ("Mr. Voorhees") Memorandum in Opposition to Defendant's Motion to Dismiss the Complaint (the "Opposition" or "Pl. Opp.") fails to save his claims from dismissal.

In its Memorandum of Law in Support of its Motion to Dismiss (the "Opening Memorandum" or "Def. Mem."), Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") demonstrated that Mr. Voorhees knew of the claims that he asserts in this case before receiving a discharge of debts and the conclusion of his bankruptcy proceedings, that he failed to meet his obligation to disclose these claims to the Bankruptcy Court, and that judicial estoppel bars him from proceeding on these claims.  Nothing in the Opposition changes this conclusion.  Mr. Voorhees does not dispute that he failed to disclose his claims at any time during the bankruptcy proceedings.  To the contrary, the Opposition concedes the critical fact that makes dismissal with prejudice appropriate in this case – Mr. Voorhees learned of his claims before receiving his discharge of debts and the conclusion of his bankruptcy case, but failed to disclose them to the Bankruptcy Court.  Mr. Voorhees also does not address why, despite being represented by both bankruptcy and employment counsel, he failed to amend his bankruptcy filings and add these claims, particularly given that he filed an amended schedule with the Bankruptcy Court merely five days before his employment counsel sent a demand letter to ECFMG.  The only possible explanation is that Mr. Voorhees hoped to circumvent the bankruptcy process and shield these potential assets from his creditors and the Bankruptcy Court.

As discussed in more detail below, the arguments in the Opposition are insufficient as a matter of law to overcome ECFMG's Motion to Dismiss.  Throughout the Opposition, Mr. Voorhees does not apply the correct legal standards and thus fails to adequately respond to ECFMG's Motion.  The Opposition fails to identify any case law to advance legitimate

arguments against dismissal and does not meaningfully address the numerous decisions cited in the Opening Memorandum that support dismissal, because Mr. Voorhees cannot credibly contest that he should be judicially estopped from pursuing his claims.  Mr. Voorhees' efforts to avoid the consequences of his own omissions to the Bankruptcy Court are therefore unavailing as a matter of law.  For these reasons, the Court should grant ECFMG's Motion to Dismiss.

## II.   ARGUMENT

### A.   Mr. Voorhees Had An Affirmative Duty To Disclose His Known Causes of Action Both At the Outset Of and During His Bankruptcy Proceedings.

Mr. Voorhees cannot dispute that he had an affirmative obligation to disclose his claims both at the outset and during the pendency of his bankruptcy proceedings, but did not do so.  *See* Def. Mem., at 5-10.  In the Opposition, Mr. Voorhees appears to argue that he was not required to disclose his claims because he did not know of them at the time of his initial bankruptcy petition filing on November 17, 2016, nor his conversion to a Chapter 7 bankruptcy proceeding on January 11, 2017.  Opp. at 4, 6.  As an initial matter, this argument is premised on a misstatement of law because a "debtor's duty to disclose is continuous throughout the course of a bankruptcy proceeding."  *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 50 (3d Cir. 2018) (citing *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004)).  The law is clear that this disclosure obligation requires identification of claims that arise after the filing of the bankruptcy petition.  *Lewis v. Eberle & BCI Servs., LLC*, No. 11-4661, 2013 WL 4483529, at *4 (D.N.J. Aug. 19, 2013) (granting motion to dismiss employment claims, which arose ten months after plaintiff's filing of bankruptcy petition, on judicial estoppel grounds).  "If the debtor has enough information prior to confirmation to suggest that it may have a possible cause of action, then it is a 'known' claim that must be disclosed in the bankruptcy petition."  *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GM Corp.*, 337 F.3d 314, 321 (3d Cir. 2003).  Furthermore, it is

well-settled that the burden is on the debtor to fully and accurately complete the schedules and lists contained within the bankruptcy petition. *See Oneida Motor Freight, Inc, v. United Jersey Bank*, 848 F.2d 414, 416 (3d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988).

Despite this requirement, the Complaint demonstrates that Mr. Voorhees knew of his age discrimination claim before initiating his bankruptcy proceedings because he allegedly made an internal complaint of age discrimination in September 2016 before filing his bankruptcy petition on November 17, 2016.  Compl. ¶ 17; Pl. Opp. at 2.  As Mr. Voorhees concedes in the Opposition, he undoubtedly was aware of all of the claims that he brings in this action by March 23, 2017, the date on which he filed his charge of discrimination.  *See* Pl. Opp. at 4.[1]  As Mr. Voorhees elected to amend his schedules on January 26, 2017, to show that he no longer was receiving income and reduce the value of his bankruptcy estate (Def. Mem. at 4, Ex. G), he clearly knew of his ongoing obligation to amend, but decided not to disclose his claims to the Bankruptcy Court before receiving his discharge of debts on April 13, 2017, or before the bankruptcy case concluded on February 27, 2018.  Def. Mem. at 4, Ex. H, Ex. I.  Mr. Voorhees had been represented by bankruptcy counsel since at least November 17, 2016, the date on which he filed his petition, and by employment counsel since at least January 31, 2017, the date on which the demand letter was sent to ECFMG, both of which are well before his bankruptcy proceedings concluded.  *Id*.  Despite indisputable knowledge of his claims, and despite being represented by two law firms during his bankruptcy proceedings, Mr. Voorhees failed to disclose the existence of his claims against ECFMG to the Bankruptcy Court.

---

[1]      ECFMG notes that Mr. Voorhees refers to the date of his filing of his charge of discrimination as March 21, 2017 in the Opposition.  Pl. Opp. at 4.  Mr. Voorhees signed his charge on March 21, 2017, but it was not received by the agencies until March 23, 2017.  Def. Mot., Ex. B.

**B.      Mr. Voorhees Took Irreconcilably Inconsistent Positions In His Bankruptcy Proceedings And In This Case.**

Mr. Voorhees argues that "at the time Plaintiff filed both of the aforesaid Petitions, he was unaware of the existence of potential legal claims against Defendant," (Pl. Opp. at 8) and did not take irreconcilably inconsistent positions because he filed his initial petition before his employment termination and converted his petition to Chapter 7 only five days thereafter, so he did not have knowledge of his claims.  Pl. Opp. at 4, 7-8.  However, even if Mr. Voorhees did not know of his claims when filing the initial petition or converting to Chapter 7, this is not the law.  As set forth in the Opening Memorandum, regardless of intent, the mere fact that Mr. Voorhees failed to disclose his claims against ECFMG during the pendency of his bankruptcy proceedings and subsequently filed suit on those claims constituted an inconsistent position as a matter of law.  *See Lewis*, 2013 WL 4483529, at *3 (finding that plaintiff "took inconsistent positions by failing to amend her bankruptcy petition to disclose her interests in this [lawsuit] thereby offending her obligation for candor to the bankruptcy court").  Indeed, Mr. Voorhees fails to cite any legal authority that supports his argument, nor can he distinguish the cases relied on by ECFMG.[2]  Mr. Voorhees cannot contest that he is assuming a position contrary to the one asserted under oath in his bankruptcy proceedings, and the Bankruptcy Court adopted the contrary position as part of a final disposition.

Even still, Mr. Voorhees concedes in the Opposition that he was aware of his claims at the time he filed the bankruptcy petition, prior to his discharge of debts, and prior to the

---

[2]      By way of example, in one of the cases cited in the Opposition, the court concludes that "[b]y failing to include his non-malignancy asbestos claims as an asset in his bankruptcy filings in the First Bankruptcy, Plaintiff initially represented to the Bankruptcy Court that such an asset did not exist.  Now, in the present action, Plaintiff is pursuing those same claims that he represented did not exist.  Accordingly, the two positions are irreconcilably inconsistent."  *Bartel v. A-C Prod. Liab. Tr.*, No. 11-45628, 2016 WL 8730162, at *6 (E.D. Pa. Dec. 16, 2016) (citing *Krystal Cadillac*, 337 F.3d at 319-20).

conclusion of his bankruptcy proceeding.  Pl. Opp. at 2, 4, 8.  Mr. Voorhees, an employee in

ECFMG's Human Resources department, alleges that he made an internal complaint of age

discrimination in September 2016, prior to filing his bankruptcy petition on November 17, 2016.

Compl. ¶ 17; Pl. Opp at 2.  And critically, Mr. Voorhees concedes that he learned of his claims at

the very least on January 31, 2017, when his employment counsel sent a demand letter to

ECFMG, and certainly by March 23, 2017, the date on which he filed his charge of

discrimination as an administrative prerequisite to filing this lawsuit.  Pl. Opp. at 4, 7-8.  Both of

these events occurred before his discharge of debts on April 13, 2017, and the termination of the

bankruptcy proceedings on February 27, 2018.  Def. Mem. at 4, Ex. H, Ex. I.  Moreover, the

Opposition conveniently does not address that Mr. Voorhees amended his bankruptcy schedules

to reflect that he no longer received income on January 26, 2017.  Def. Mem. at 4, Ex. G.  Mr.

Voorhees knew of his obligation to amend, as shown by him doing so, and learned of his claims

well before his discharge of debts and conclusion of the bankruptcy case.  Accordingly, Mr.

Voorhees cannot contest that the first element of judicial estoppel is met here.

### C.    Mr. Voorhees Made No Attempt to Rebut The Presumption That His Failure To Disclose His Claims To The Bankruptcy Court Was Made In Bad Faith.

Mr. Voorhees' Opposition offers nothing to overcome the rebuttable presumption of bad

faith, which arises where he had knowledge of his claims and a motive to conceal them in the

face of an affirmative duty to disclose.  Instead, Mr. Voorhees argues that the rebuttable

presumption does not apply here because it requires that he not only had knowledge of claims,

but also a motive to conceal them.  As established in ECFMG's Opening Memorandum, Mr.

Voorhees knew of his claims before receiving his discharge of debts and the termination of his

bankruptcy proceedings and had an apparent motive to conceal them.  Def. Mem. at 12-15.

Because Mr. Voorhees does not attempt to and cannot rebut the inference of bad faith created

from his failure to identify his known claims during his bankruptcy proceedings, the second element of judicial estoppel is satisfied here.

First, as discussed above, Mr. Voorhees cannot legitimately claim that he did not know of his claims against ECFMG before the conclusion of his bankruptcy. *See supra*. He also cannot legitimately take the position that he did not have knowledge of his claims as of January 2017 when he had already retained employment counsel and had his employment counsel send a demand letter to ECFMG, which raised allegations of discrimination. Pl. Opp. at 4.

Second, Mr. Voorhees' argument that he had no motive to conceal his assets is unavailing. Mr. Voorhees had every incentive to conceal the present claims until after his discharge in bankruptcy to shield his potential damages from being available for distribution to creditors. *See Khair-Dorsey v. WellSpan Health*, No. 16-1084, 2017 WL 770590, at *4 (M.D. Pa. Feb. 28, 2017) ("Thus, as a threshold matter this element is met, subject to rebuttal, when the party invoking judicial estoppel shows that the opposing party had knowledge of a claim prior to the filing of the bankruptcy petition, and then failed to fully disclose that claim in later bankruptcy filings under circumstances where a motive to conceal may be inferred."); *Coles v. Carlini*, No. 10-6132, 2013 WL 3811642, at *11 (D.N.J. July 22, 2013) ("Coles and Ballinger had a motive to conceal the contingent assets, disclosure of which would have been material to creditors who need to analyze all of the potential assets and who, potentially, could have litigated on behalf of Plaintiffs, had Coles and Ballinger decided not to pursue the claim. Without disclosure that these plaintiffs, as debtors, were simultaneously pursuing claims for compensatory and punitive damages, their creditors could not make an informed choice of how to pursue their interests. Therefore, a presumption of bad faith arises in this case."); *DePasquale v. Morgan Stanley Smith Barney LLC*, No. 10-6828, 2011 WL 3703110, at *7 (D.N.J. Aug. 23,

2011 ("In short, Plaintiff's failure to amend her bankruptcy filings by October 2010 at the latest, despite an affirmative obligation to do so, amounts to an inference of bad faith.").[3]  Absent disclosure, Mr. Voorhees could pursue his claims for damages against ECFMG free and clear of his obligations to his creditors and the Bankruptcy Court.  And that is exactly what he was intending to do by bringing this case.  If Mr. Voorhees was able to continue seeking damages in this case, he would significantly benefit from his non-disclosure of his supposed claims against ECFMG during his bankruptcy proceedings.  Mr. Voorhees simply offers nothing to the contrary and does not even attempt to rebut the inference of bad faith, because he cannot.

Moreover, the Opening Memorandum calls attention to additional facts that further demonstrate that Mr. Voorhees' failure to disclose his claims was made in bad faith.  Mr. Voorhees had at least two law firms representing him during the course of his bankruptcy proceedings.  Mr. Voorhees' statement that he had not retained legal counsel at the time of his employment termination is factually incorrect.  Pl. Opp. at 7.  Mr. Voorhees retained counsel to assist with his bankruptcy proceedings prior to filing his petition on November 17, 2016, and hired employment counsel sometime before January 31, 2017, the date on which ECFMG received his demand letter.  *See* Def. Mem., Ex. A, C.  Furthermore, a review of the bankruptcy filings shows that Mr. Voorhees knew of his affirmative obligation to amend his bankruptcy

---

[3]      Mr. Voorhees cites *Bartel v. A-C Prod. Liab. Tr.*, No. 11-45628, 2016 WL 8730162, at *6 (E.D. Pa. Dec. 16, 2016) to support the notion that "[a]n absence of evidence showing that 'an omission was deliberate' fails the bad faith element."  Pl. Opp. at 8.  However, this is a mischaracterization of the *Bartel* opinion.  In *Bartel*, the court found that the bad faith element was not met regarding the plaintiff's first bankruptcy because plaintiff "may have been aware of Judge Weiner's May 1996 order administratively dismissing all other then-pending asbestos actions" and thus the omission may not have been deliberate.  *See Bartel*, 2016 WL 8730162, at *6.  Likewise, the court in *Ryan Operations* found that the bad faith element was not satisfied where a variety of facts rebutted an inference of bad faith.  *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 363-64 (3d Cir. 1996).  The *Ryan Operations* court determined that "Ryan derived and intended no appreciable benefit from his nondisclosure" where plaintiff did not list his claims against defendant manufacturers, but also did not list the corresponding claims of homeowners against itself.  *See id.* at 363.  Moreover, the *Ryan Operations* court found that the relevant bankruptcy filings demonstrated that the Bankruptcy Court was aware of the issues giving rise to the litigation.  *See id.* at 364.  Here, Mr. Voorhees has not made any attempt to show that his omission was unintentional or made in good faith.

schedules because he did so to reflect that he would no longer be receiving an income after his

ECFMG employment terminated, but never disclosed his claims against ECFMG related to that

employment termination.  *Id.* at 4, Ex. G.  Tellingly, Mr. Voorhees does not even address the

amendment in the Opposition.  Even with the assistance of bankruptcy and employment counsel,

Mr. Voorhees failed to timely amend his bankruptcy filings to reflect his claims against ECFMG,

despite an affirmative obligation to do so.  *See Hardee-Guerra v. Shire Pharm.*, 737 F. Supp. 2d

318, 329 (E.D. Pa. 2010) ("Even more telling is the fact that [plaintiff] amended her Schedule F

in the bankruptcy proceeding—informing the bankruptcy court of additional creditors, but not

the discrimination case . . . .").

  "The only reasonable conclusion to be drawn from the forgoing is in failing to disclose

[his] . . . claim prior to confirmation [Mr. Voorhees] sought to preserve for [his] own uses, to the

exclusion of [his] creditors, any recovery [he] might obtain upon a successful prosecution of

such claim.  Such manipulation of the bankruptcy system constitutes bad faith, and cannot be

countenanced."  *In re Okan's Foods*, 217 B.R. 739, 756 (Bankr. E.D. Pa. 1998).[4]  The

Opposition does not provide any explanation of Mr. Voorhees' failure to identify his claims

during the bankruptcy proceedings, but only argues that he was not aware of them until his

employment counsel sent the demand letter on January 31, 2017, and he filed his charge of

discrimination on March 23, 2017.  Pl. Opp. at 4.  But these events predate Mr. Voorhees'

---

[4]  Mr. Voorhees' statement that "[c]ourts are reluctant to assert judicial estoppel on the pleadings alone, particularly where those pleadings reveal an underlying factual dispute between the parties" (Pl. Opp. at 6) does not have any relevance here because Mr. Voorhees does not suggest that there is any matter beyond the pleadings that the Court should consider.  Moreover, countless courts have applied the doctrine of judicial estoppel to plaintiffs' claims at the motion to dismiss stage.  *See, e.g.*, *Rivet v. Office Depot, Inc.*, No. 12-02992, 2015 WL 9308246, at *4 (D.N.J. Dec. 22, 2015) (granting motion to dismiss wage and hours claims); *Lewis*, 2013 WL 4483529, at *2 (granting motion to dismiss plaintiff's FMLA and ADA claims); *Prekop v. PNC Bank*, No. 10-1691, 2013 WL 169730, at *2 (W.D. Pa. Jan. 16, 2013) (granting motion to dismiss gender discrimination, disability discrimination and retaliation claims); *Meisinger v. Prudential Ins. Companies of Am.*, No. 10-05885, 2011 WL 2036508, at *1 (D.N.J. May 23, 2011) (granting motion to dismiss discrimination and intentional infliction of emotional distress claims).

discharge of debts on April 13, 2017 and the closure of the bankruptcy case on February 27, 2018.  Def. Mem. at 4.  As Mr. Voorhees has not even attempted to provide an excuse for his failure to disclose his claims against ECFMG despite his clear knowledge of them well before his bankruptcy proceedings ended, the only reasonable conclusion is that he was intending to circumvent his duty to his creditors and the Bankruptcy Court.  Accordingly, the Opposition does nothing to change the conclusion that the second element of judicial estoppel has been met here.

      **D.**     **Dismissal Is The Only Proper Sanction For Mr. Voorhees' Duplicitous Conduct.**

Mr. Voorhees should be judicially estopped from pursuing claims he failed to disclose to the Bankruptcy Court which, as a matter of law, relied on his omissions when granting him relief.  No lesser sanction than judicial estoppel and dismissal of the Complaint with prejudice would remedy the damage done by Mr. Voorhees' intended manipulation of the judicial systems. *J.H. Grp., LLC v. Royal Rolling Chairs, LLC*, 523 F. App'x 922, 923 (3d Cir. 2013) (holding that dismissal "was appropriate because a lesser sanction would send a message that a debtor should disclose only if he is caught hiding them"); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314 (3d Cir. 2003) (same).  Indeed, courts within the Third Circuit routinely dismiss employment-related claims based on judicial estoppel grounds where plaintiffs failed to disclose them during their bankruptcy proceedings.  Def. Mem. at 16-17 (collecting cases).  Mr. Voorhees makes no attempt to distinguish this case law.  The most fundamental "principle of judicial estoppel . . . is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co*., 81 F.3d 355, 358 (3d Cir. 1996).  Here, the Court should judicially estop Mr. Voorhees from pursuing his claims

that seek various forms of damages from ECFMG because, for more than a year, Mr. Voorhees consciously failed to alert the Bankruptcy Court to the existence of these claims.

As noted in the Opening Memorandum, ECFMG recognizes that some courts have decided to preclude plaintiffs from recovering monetary damages in their previously-undisclosed claims because that money should have been made available to creditors, but permitted civil rights claims for equitable relief to go forward. *See* Def. Mem., at 16. However, that is not an option here because Mr. Voorhees does not seek any non-monetary relief. In the Opposition, Mr. Voorhees notes that the court in *Castillo v. Coca-Cola Bottling Co. of E. Great Lakes*, No. 06-183, 2006 WL 1410045 (E.D. Pa. May 22, 2006) permitted the plaintiff to pursue back pay and front pay damages based on the premise that such amounts would not have been included in the bankruptcy estate. Pl. Opp. at 9. However, subsequent courts have explained that this case misstates the law and determined that back pay and front pay would be included in the plaintiff's bankruptcy estate. *See Paul v. Coca-Cola Enterprises, Inc.*, No. 06-796, 2007 WL 1451663, at *2 (W.D. Pa. May 15, 2007) ("The well-reasoned case law addressing the issue likewise holds that claims for lost post-petition earnings, including front pay and back pay, are part of the bankruptcy estate and do not fall within the earnings exemption set forth in 11 U.S.C. § 541(a)(6)."); *id.* at *2, n.3 (explaining that the *Castillo* court misinterpreted the earnings exception); *see also McKenna v. Healthease, Inc.*, No. 10-3940, 2013 WL 159379, at *3 (E.D. Pa. Jan. 15, 2013) ("If the bankruptcy trustee is not substituted for McKenna here, she will only be allowed to proceed with her claims for injunctive relief . . . . McKenna would not, however, be allowed to proceed with her claims for front pay or back pay." (citing *Paul*, 2007 WL 1451663, at *2)). The law is clear that Mr. Voorhees' suggestion that it would be appropriate to allow him to continue to seek awards of back pay and front pay damages as a form of equitable

relief is incorrect.  When allowing plaintiffs to continue seeking equitable relief in lieu of a

complete dismissal, courts specifically note that equitable relief excludes claims for monetary

damages.  *See Hardee-Guerra*, 737 F. Supp. 2d at 331 ("Second, plaintiff asks for declaratory

and equitable relief that would have added no value to the bankruptcy estate.  Leaving open the

option of **equitable (i.e., non-monetary) relief** allows plaintiff to protect her rights under federal

and state anti-discrimination laws without rewarding her for her failure to disclose her

discrimination suit to the bankruptcy court." (emphasis added)).[5]  Accordingly, Mr. Voorhees'

claims should be dismissed in their entirety due to judicial estoppel, particularly because Mr.

Voorhees is not pursuing non-monetary relief in this case.

## III.   <u>CONCLUSION</u>

For the reasons stated herein and in the Opening Memorandum, the Court should dismiss

the Complaint with prejudice and order that Mr. Voorhees shall pay the fees and costs incurred

by ECFMG in preparing and filing the Motion to Dismiss and this Reply Brief because Mr.

Voorhees should not have filed this lawsuit after he failed to disclose his claims against ECFMG

in his bankruptcy proceeding.

---

[5]       In addition to *Castillo*, Mr. Voorhees cites two additional cases to support his argument regarding equitable relief.  Mr. Voorhees first cites the *Coles v. Carlini*, No. 10-6132, 2013 WL 3811642, at *1 (D.N.J. July 22, 2013), but this is not an employment case, so the plaintiffs were not seeking back pay or front pay damages.  *See id.* at *12 ("Plaintiffs Coles and Ballinger may seek nominal damages and declaratory and injunctive relief, but may not seek other compensatory or punitive damages.").  As Mr. Voorhees does not seek nominal damages, declaratory relief, or injunctive relief here, this case has no bearing on his equitable relief argument.  Mr. Voorhees also cites a summary judgment decision, *Khair-Dorsey v. WellSpan Health*, No. 16-1084, 2017 WL 770590 (M.D. Pa. Feb. 28, 2017), where the court dismissed the plaintiff's claim for compensatory damages, but allowed the plaintiff to seek back pay and front pay damages.  However, the *Khair-Dorsey* court explained in a footnote that the back pay and front pay awards were very minimal and would have added nominal value to the bankruptcy estate because the plaintiff was only unemployed for 5 weeks after the termination of his employment with defendant and obtained a higher-paying job.  *See id.* at *7, n.2.  Given that this case is a summary judgment decision and the court explained its reasoning was based on unique factual circumstances, and in light of the findings in *Paul*, *McKenna*, and *Hardee-Guerra*, this case is not applicable here.

Dated: July 15, 2019

Respectfully submitted,

*/s/ Anne E. Martinez*
Anne E. Martinez (Pa. ID No. 201189)
Sean R. Caulfield (Pa. ID No. 322461)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Phone:  215.963.5000
Fax:      215.963.5001
Email: anne.martinez@morganlewis.com
            sean.caulfield@morganlewis.com

*Attorneys for Defendant*
*Educational Commission For Foreign*
*Medical Graduate*