IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT VOORHEES,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>Defendant. | Civil Action No. 2:19-cv-01761-JD |

**JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiff Robert Voorhees ("Mr. Voorhees") and Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") conferred on September 10, 2019, and submit to Chambers the following report of their meeting for the Court's consideration.

1. **Discussion of Claims, Defenses, and Relevant Issues**

    a. **Plaintiff's Position**

Plaintiff asserts claims against Defendant for disability discrimination, age discrimination, and retaliation in violation of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA").

Plaintiff was employed by Defendant in the position of Manager of Compensation and Benefits from on or about June 6, 2016 until on or about January 5, 2017, the date of his termination. By way of background, Plaintiff suffers from Clinical Depression and Anxiety Disorder.

In or about September of 2016, Plaintiff attended a conference in Seattle, Washington with Betty Lehew ("Lehew"), Vice President of Human Resources, and Plaintiff's direct supervisor. At a dinner during said conference, Lehew consumed several alcoholic beverages and asked Plaintiff, "how old are you anyway?" When Plaintiff replied that he was 62, Lehew exclaimed, "62, really? I didn't know you were that old."

Thereafter, Defendant began subjecting Plaintiff to discrimination based on his age. By way of example, following Plaintiff's disclosure of his age, the relationship between Lehew and Plaintiff quickly deteriorated. Specifically, Lehew began belittling Plaintiff by referring to him as "meek" and "weak," and unjustifiably criticizing his job performance. Additionally, during staff meetings, Lehew publically stated that Plaintiff was "forgetful" and that he "forgets everything," thereby insinuating that he suffered from memory issues due to his age.

Moreover, Lehew regularly utilized weekly one-on-one meetings with Plaintiff to berate and criticize Plaintiff rather than discuss work related topics, thereby causing Plaintiff to dread attending the same. During said meetings, Lehew also expressed her unfounded belief that Plaintiff's position was "too much" for him.

Accordingly, Plaintiff registered a complaint of age discrimination with Sharon Roman-Trowell ("Roman-Trowell"), Director of Employee Relations and Recruitment Manager. Roman-Trowell acknowledged that Lehew was "on" Plaintiff, thereby acknowledging that Lehew was singling Plaintiff out for disparate treatment. However, Roman-Trowell failed to take any corrective action to cause the discriminatory conduct to cease.

Over the course of the following months, Plaintiff began experiencing symptoms associated with his disabilities as a result of Lehew's discriminatory and hostile treatment. Accordingly, Plaintiff's physician recommended that he take a medical leave of absence as

treatment for the same. On or about December 16, 2016, Plaintiff disclosed his disabilities to Lehew and requested a medical leave of absence until December 27, 2016 as a reasonable accommodation. Defendant granted said request.

Thereafter, on or about December 27, 2016, Plaintiff returned to work. Upon his return, Lehew demanded that Plaintiff provide a letter from his physician releasing him to return to work. Upon Plaintiff's production of the same, Lehew curtly informed Plaintiff that the form was "not properly completed" and directed Plaintiff to leave the workplace.

As a result of Lehew's conduct, Plaintiff suffered exacerbated symptoms associated with his disabilities and requested an extension of his medical leave of absence until February 20, 2017 as a reasonable accommodation for the same. In response, Lehew denied Plaintiff's request for a reasonable accommodation and abruptly terminated his employment, effective January 5, 2017, allegedly because he would not be present for the "HRIS implementation process." However, the target implementation date was not until July/August of 2017 and very minimal work was completed with respect to said implementation as of February 20, 2017. Following his termination, Defendant replaced Plaintiff with Kiandra Johnson ("Johnson"), a less qualified, less experienced, significantly younger, non-disabled individual.

    b.  **Defendant's Position**

From June 6, 2016 until January 5, 2017, ECFMG employed Robert Voorhees as a Benefits and Compensation Manager in ECFMG's Human Resources department.  During his short tenure with ECFMG, he struggled to meet performance expectations.  For example, he exhibited poor communication and organizational skills, failed to follow through on things, had difficulty prioritizing his work and managing a subordinate who was a poor performer, lacked focus and good judgment, and was not responsive.  Although his supervisor, Betty LeHew,

regularly provided Mr. Voorhees with constructive performance feedback, he still seemed unable or unwilling to improve his performance.

On December 16, 2016, Mr. Voorhees told Ms. LeHew that he had to leave work, providing little explanation. Subsequently, he advised Ms. LeHew that he was sick and would submit the requisite paperwork for his absence, which he did. He remained on approved leave from December 16-23, 2016. He told ECFMG that he would return to work on December 27, 2016 and ECFMG advised him that he needed to provide a completed Fitness for Duty form prior to his return to work, a requirement of which he should have been quite familiar given his role as a Benefits and Compensation Manager in charge of ECFMG's medical leave and short-term disability process. However, when he returned to work on December 27, 2016, he failed to bring a completed Fitness for Duty form, and declined to call his doctor and have his doctor fax the form to ECFMG. Instead, Mr. Voorhees chose to leave work for the day.

The next day, Mr. Voorhees, who was not eligible for FMLA given that he had only worked for the Company for six months, requested a Personal Medical Leave. In his request, he did not include an anticipated return to work date and his doctor vaguely stated that he would need to be off work for two months or more. ECFMG considered his request for additional leave, but determined that ECFMG could not grant his request because it was a busy and critical time of year for the Benefits and Compensation Department. When ECFMG advised Mr. Voorhees that it could not extend his leave of absence, he declined to return to work.

There is absolutely no evidence that anyone discriminated against Mr. Voorhees based on his age or alleged disabilities. Moreover, contrary to his allegations in the Complaint, Mr. Voorhees never complained to anyone at ECFMG that he felt discriminated against or otherwise treated unfairly because of his age or alleged disabilities.

Nevertheless, on April 23, 2019, Mr. Voorhees filed the instant action against ECFMG in which he purports to assert age discrimination claims and retaliation claims under the Age Discrimination in Employment Act ("ADEA") and Pennsylvania Human Relations Act ("PHRA"), as well as disability discrimination claims and retaliation claims under the Americans with Disabilities Act ("ADA") and PHRA.  On June 5, 2016, ECFMG filed a Motion to Dismiss, which argues that the case should be dismissed because from 2016 to 2018, Mr. Voorhees, with the assistance of bankruptcy counsel, pursued and ultimately attainted a discharge of debts in bankruptcy, but never disclosed his alleged claims against ECFMG in his bankruptcy proceeding even though he had long been aware of such claims.  This motion is fully briefed and remains pending before the Court.

In light of ECFMG's pending Motion to Dismiss that seeks a complete dismissal of this Action, ECFMG does not believe that discovery should begin until after resolution of that Motion, which may eliminate the need for any discovery altogether.  To the extent any of Mr. Voorhees' claims remain after the disposition of ECFMG's Motion to Dismiss, ECFMG intends to seek discovery on the factual basis for those remaining claims, including Mr. Voorhees's purported disability, his alleged damages, and his efforts to mitigate his alleged damages. Within thirty (30) days after the conclusion of discovery (if any), ECFMG intends to file a Motion for Summary Judgment seeking a dismissal of all of his remaining claims.

2. **Initial and Informal Disclosures**

The Parties propose that no change be made to Rule 26(a)(1) with respect to the form or requirement of initial disclosures by the Parties.  The Parties agree to exchange initial disclosures under Rule 26(a)(1) within two (2) weeks of the disposition of ECFMG's Motion to Dismiss.

3. **Formal Discovery**

If the Motion to Dismiss is not granted in its entirety, the Parties agree that they will need discovery with respect to all subjects relevant to Mr. Voorhees' remaining claims and defenses of the Parties, the damages sought by Mr. Voorhees, and Mr. Voorhees's efforts to mitigate his damages.  The Parties do not believe that changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules.  The Parties do not anticipate the need to have discovery conducted in phases or limited to particular issues.  With respect to the timing of discovery, the Parties propose the following:

a. **Deadline for Fact Discovery** – Four (4) months after the disposition of ECFMG's Motion to Dismiss

   i. Deadline for Filing Motions to Compel: Two (2) weeks before the close of fact discovery

b. **Deadline for Expert Discovery** – Two (2) months after the close of fact discovery

   i. Deadline for Identification of Expert Witnesses and Exchange of Expert Reports: On the same date as the deadline for fact discovery

   ii. Deadline for Exchange of Rebuttal Reports:  One (1) month after the deadline for the initial identification of expert witnesses and exchange of initial expert reports

   iii. Deadline for Completion of Expert Depositions:  One (1) month after the deadline for the exchange of rebuttal expert reports

c. **Deadline for Filing of Daubert Motions** – One (1) month after the close of expert discovery

d. **Deadlines for Filing Dispositive Motions** – One (1) month after the close of expert discovery

   i. Any Opposition to a Motion for Summary Judgment shall be filed within thirty (30) days of being served with the Motion for Summary Judgment.

   ii. Any Reply in Further Support of a Motion for Summary Judgment shall be filed within fourteen (14) days of being served with the Opposition to the Motion for Summary Judgment.

4. **Electronic Discovery**

The Parties may possess electronically stored information that may be relevant to the claims and defenses of the Parties. The Parties have not yet reached an agreement as to the form(s) in which any relevant electronically stored information should be produced and will engage in additional discussions regarding the production of any electronically stored information.

The Parties do not anticipate a significant amount of electronically stored information in this case. Because the Parties do not anticipate significant electronically stored information in this matter, the Parties agree that each will bear its own costs in producing such information.

As to identification of relevant information and form of production, the Parties agree that any electronically stored information will be identified by the Parties with assistance from their counsel and produced in hard copy format.

The Parties further agree that counsel for both Parties have issued a litigation hold, or the equivalent thereof, to preserve electronically stored information and other information that is relevant to this matter. The Parties also agree that should any privileged document(s) be produced inadvertently, the receiving Party shall act in accordance with the Federal Rules of Civil Procedure and Pennsylvania Rules of Professional Conduct in determining how to respond. Upon discovering the inadvertent disclosure, the receiving party will notify the producing party and destroy or return the document(s), whichever the Parties agree to at that time.

5. **Expert Witness Disclosures**

Depending on what claims (if any) remain after the disposition of the Motion to Dismiss, the Parties may need experts with respect to Mr. Voorhees's alleged disability, his alleged damages, and/or his efforts to mitigate his damages, but neither Party has yet determined whether

it needs to retain any such experts.  For purposes of expert discovery, the Parties propose the schedule set forth above.

### 6. Early Settlement or Resolution

The Parties are familiar with Eastern District of Pennsylvania Local Rule 53.3, requiring the Parties to consider the use of an alternative dispute resolution process at an appropriate stage in the litigation.  Counsel for the Parties have explained alternative dispute resolution to their clients, informing them that mediation and/or a settlement conference are available options for resolution of this Action.  Mr. Voorhees has not yet made any settlement demand.  ECFMG expects that resolution of its Motion to Dismiss and fact discovery (if any) will be necessary before settlement is likely.

### 7. Trial Date

The Parties do not request a date certain for trial.  The Parties propose that trial be scheduled to commence sixty (60) days after the disposition of any motion for summary judgment.  The Parties expect trial to last two (2) or three (3) days.

### 8. Other

During the Rule 26(f) Conference, the Parties did not have any discussion or reach any agreement on any matters not addressed above.

Respectfully submitted,

| | |
|---|---|
| */s/ Jamie L. Ford* | */s/ Anne E. Martinez* |
| Sidney L. Gold (Pa. ID No. 21374) | Anne E. Martinez (Pa. ID No. 201189) |
| Jamie L. Ford (Pa. ID No. 320631) | Sean R. Caulfield (Pa. ID No. 322461) |
| Sidney L. Gold & Associates, PC | MORGAN, LEWIS & BOCKIUS LLP |
| 1835 Market Street, Suite 515 | 1701 Market Street |
| Philadelphia, PA  19103 | Philadelphia, PA  19103 |
| Phone: 215-569-1999 | Phone: 215-963-5000 |
| Fax:    215-569-3870 | Fax:    215-963-5001 |
| Email:  sgold@discrimlaw.net | Email:  anne.martinez@morganlewis.com |
|         jford@discrimlaw.net |         sean.caulfield@morganlewis.com |

| | |
|---|---|
| _____ | _____ |
| *Attorneys for Plaintiff*<br>*Robert Voorhees* | *Attorneys for Defendant*<br>*Educational Commission for Foreign Medical Graduates* |
| Dated:  September 11, 2019 | Dated:  September 11, 2019 |