IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT VOORHEES,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>Defendant. | Civil Action No. 2:19-cv-01761-JD |

**DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES'S ANSWER AND SEPARATE DEFENSES**

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG" or "Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers the Complaint of Robert Voorhees ("Mr. Voorhees" or "Plaintiff") in the above-captioned matter in accordance with the numbered paragraphs thereof as follows:

1. ECFMG admits that Mr. Voorhees initiated this action against ECFMG. ECFMG denies the remaining allegations in Paragraph 1.

2. ECFMG denies that Mr. Voorhees has any viable claims against ECFMG under the ADA, ADEA, PHRA, or any other law. The remaining allegations in Paragraph 2 constitute conclusions of law to which no responsive pleading is required.

3. ECFMG denies that Mr. Voorhees has any viable claims against ECFMG under the ADA, ADEA, or any other law. The remaining allegations in Paragraph 3 constitute conclusions of law to which no responsive pleading is required.

4. ECFMG denies that Mr. Voorhees has any viable claims against ECFMG under the PHRA or any other law. The remaining allegations in Paragraph 4 constitute conclusions of

law to which no responsive pleading is required.

5. The Notice of Right to Sue referenced in Paragraph 5 constitutes a written document, the terms of which speak for themselves.  ECFMG denies the allegations in Paragraph 5 to the extent that they are inconsistent with the terms of any such written document and/or do not accurately reflect any such written document in part or in entirety.  ECFMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 as to whether Mr. Voorhees received the Notice of Right to Sue, and, therefore, ECFMG denies these allegations.  The remaining allegations in Paragraph 5 constitute conclusions of law to which no responsive pleading is required.

6. ECFMG admits that Mr. Voorhees is an adult individual, who was sixty-five years old at the time that he filed the Complaint in this Action.  ECFMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 as to Mr. Voorhees's current residence, and, therefore, ECFMG denies these allegations.  The remaining allegations in Paragraph 6 constitute conclusions of law to which no responsive pleading is required.

7. Admitted.

8. ECFMG denies that ECFMG or any of its employees engaged in any unlawful conduct with respect to Mr. Voorhees.  The remaining allegations in Paragraph 8 constitute conclusions of law to which no responsive pleading is required.

9. The allegations in Paragraph 9 constitute conclusions of law to which no responsive pleading is required.

10. ECFMG admits that from approximately June 6, 2016 to January 5, 2017, it employed Mr. Voorhees.  ECFMG denies the remaining allegations in Paragraph 10.

11. ECFMG admits that during his employment with ECFMG, Mr. Voorhees held the position of Benefits and Compensation Manager. ECFMG denies the remaining allegations in Paragraph 11.

12. ECFMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 regarding Mr. Voorhees's alleged medical condition and how his alleged medical condition allegedly affected him, and, therefore, ECFMG denies those allegations. The remaining allegations in Paragraph 12 constitute conclusions of law to which no responsive pleading is required.

13. ECFMG admits that in or about September 2016, Mr. Voorhees and Betty LeHew attended a conference in Seattle, Washington. ECFMG denies the remaining allegations in Paragraph 13.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. ECFMG denies that Ms. LeHew subjected Mr. Voorhees to discriminatory and/or hostile treatment. ECFMG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and, therefore, ECFMG denies these allegations.

19. ECFMG admits that Mr. Voorhees requested and was granted a leave of absence for medical reasons from December 16, 2016 to December 23, 2016. ECFMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 regarding Mr. Voorhees's alleged medical condition, and, therefore, ECFMG

denies those allegations. The remaining allegations in Paragraph 19 constitute conclusions of law to which no responsive pleading is required.

20. ECFMG admits that Mr. Voorhees returned to work on December 27, 2016, and that Ms. LeHew asked if Mr. Voorhees brought a completed Fitness for Duty form with him. ECFMG denies the remaining allegations in Paragraph 20.

21. ECFMG admits that Mr. Voorhees subsequently requested another leave of absence. ECFMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 regarding Mr. Voorhees's alleged medical condition, and, therefore, ECFMG denies those allegations. The allegations in Paragraph 21 as to whether Mr. Voorhees's alleged medical condition constituted a disability and whether his request for an extension of his leave constituted a reasonable accommodation are conclusions of law to which no responsive pleading is required. ECFMG denies the remaining allegations in Paragraph 21.

22. ECFMG admits that on or about January 5, 2017, it terminated Mr. Voorhees's employment. The allegation in Paragraph 22 as to whether Mr. Voorhees requested a reasonable accommodation constitutes a conclusion of law to which no responsive pleading is required. ECFMG denies the remaining allegations in Paragraph 22.

23. ECFMG admits that it terminated Mr. Voorhees' employment and that Ms. Kiandra Johnson assumed the role of Benefits and Compensation Manager after Mr. Voorhees's employment termination. ECFMG denies the remaining allegations in Paragraph 23.

24. ECFMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 regarding Mr. Voorhees's alleged medical condition, and, therefore, ECFMG denies those allegations. The allegations in Paragraph 24 as to whether Mr. Voorhees's alleged medical condition constituted a disability and whether he requested

reasonable accommodations are conclusions of law to which no responsive pleading is required. ECFMG denies the remaining allegations in Paragraph 24.

## COUNT I

25. ECFMG incorporates its responses to the above paragraphs as if fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

## COUNT II

29. ECFMG incorporates its responses to the above paragraphs as if fully set forth herein.

30. Denied.

31. Denied.

## COUNT III

32. ECFMG incorporates its responses to the above paragraphs as if fully set forth herein.

33. Denied.

34. Denied.

35. Denied.

36. ECFMG incorporates its responses to the above paragraphs as if fully set forth herein.

## PRAYER FOR RELIEF

ECFMG denies all the allegations and assertions contained in Mr. Voorhees's Prayer for Relief, and denies that Mr. Voorhees is entitled to any relief whatsoever, including any of the

relief sought in the Prayer for Relief.

## GENERAL DENIAL

ECFMG denies all allegations not specifically admitted in this Answer.

## SEPARATE DEFENSES

1. Mr. Voorhees's claims are barred to the extent that he lacks standing to assert his claims.

2. Mr. Voorhees's claims are barred to the extent that he is judicially estopped from asserting his claims.

3. Mr. Voorhees fails, in whole or in part, to state a claim upon which relief can be granted.

4. Mr. Voorhees's claims are barred, in whole or in part, to the extent Mr. Voorhees failed to file them within the applicable statute of limitations.

5. Mr. Voorhees's claims are barred, in whole or in part, to the extent Mr. Voorhees failed to timely exhaust his administrative, statutory and/or jurisdictional remedies or prerequisites prior to the commencement of this action.

6. Mr. Voorhees's claims are barred, in whole or in part, to the extent that he does not constitute a qualified individual with a disability within the meaning of the applicable statutory definition, he did not have a record of a disability within the meaning of the applicable statutory definition, and/or ECFMG did not regard Mr. Voorhees as having a disability within the meaning of the applicable statutory definition.

7. Mr. Voorhees's claims are barred, in whole or in part, to the extent that no reasonable accommodations existed that would enable him to perform the essential functions of his job.

8. Mr. Voorhees's claims are barred, in whole or in part, to the extent that Mr. Voorhees failed to inform ECFMG of a need for a particular accommodation, and/or a proposed accommodation was unreasonable or would have resulted in an undue hardship on ECFMG.

9. Mr. Voorhees's claims are barred, in whole or in part, to the extent Mr. Voorhees failed to reasonably engage in the interactive process.

10. ECFMG's actions toward Mr. Voorhees were taken in good faith and based upon legitimate, nondiscriminatory, and nonretaliatory reasons.

11. If any improper, illegal, or discriminatory act was taken by any of ECFMG's employees against Mr. Voorhees, it was outside the course and scope of that employee's employment, contrary to ECFMG's policies, and/or was not ratified, confirmed, or approved by ECFMG.

12. Mr. Voorhees's claims may be barred, in whole or in part, because he has not suffered any injury or damages as a result of any act or omission of ECFMG.

13. Mr. Voorhees's damages, if any, were solely and proximately caused by Mr. Voorhees's own negligent, reckless or intentional conduct.

14. Mr. Voorhees is not entitled, on the law or the facts, to recover any damages from ECFMG, including, but not limited to, punitive damages and compensatory damages.

15. Mr. Voorhees's claims are barred or diminished to the extent he failed to mitigate or minimize his damages, the existence of which are denied.

16. To the extent that Mr. Voorhees has received any income from other employment and other sources, such monies must be offset against any damages allegedly due to Mr. Voorhees from ECFMG (if any).

17. Mr. Voorhees's claims for damages are barred to the extent that they seek categories of damages that are not allowed under the applicable statute and/or exceed the amounts recoverable under the applicable statute.

18. Mr. Voorhees's claims for liquidated damages are barred, in whole or in part, because even if he can prove a violation of the law, any acts or omissions giving rise to his claims were undertaken or made in good faith, and ECFMG had reasonable grounds for believing that its actions or omissions (if any) did not violate the law.

19. Mr. Voorhees's claims for punitive damages are barred, in whole or in part, because ECFMG's actions were not undertaken with willfulness, malice, or reckless indifference to Mr. Voorhees's legally protected rights.

20. Mr. Voorhees's relief, if any, may be limited by the after-acquired evidence doctrine.

21. Mr. Voorhees's claims are frivolous, unreasonable and groundless, and, accordingly, ECFMG should recover all costs and attorneys' fees incurred herein.

## **RESERVATION OF RIGHTS**

ECFMG reserves the right to amend its Answer and Separate Defenses to Mr. Voorhees's Complaint and to raise additional defenses as may be discovered during the course of this litigation and its continuing factual investigation.

WHEREFORE, ECFMG respectfully requests that the claims alleged in the Complaint be dismissed in their entirety with prejudice, and that it be awarded its costs of defense, including reasonable attorneys' fees.

Dated: March 23, 2020                                          Respectfully submitted,

>
> */s/ Anne E. Martinez*
> Anne E. Martinez (Pa. ID No. 201189)
> Sean R. Caulfield (Pa. ID No. 322461)
> MORGAN, LEWIS & BOCKIUS LLP
> 1701 Market Street
> Philadelphia, PA  19103
> Phone:  215.963.5000
> Fax:     215.963.5001
> Email: anne.martinez@morganlewis.com
> sean.caulfield@morganlewis.com
>
> *Attorneys for Defendant*
> *Educational Commission For Foreign Medical Graduates*

## **CERTIFICATE OF SERVICE**

I, Anne E. Martinez, hereby certify that I caused a true and correct copy of the foregoing *Defendant's Answer and Separate Defenses to the Complaint* to be filed and served on the below counsel via the Court's ECF system on March 23, 2020:

> Sidney L. Gold
> Jamie L. Ford
> Sidney L. Gold & Associates, PC
> 1835 Market Street, Suite 515
> Philadelphia, PA 19103
> sgold@discrimlaw.net
> jford@discrimlaw.net
>
> *Attorneys for Plaintiff*

                                                         */s/ Anne E. Martinez*
                                                         Anne E. Martinez