**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT VOORHEES**<br>         **Plaintiff,**<br><br>          v.<br><br>**EDUCATIONAL COMMISSION FOR**<br>**FOREIGN MEDICAL GRADUATES,**<br>         **Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO.  19-1761** |

## SCHEDULING ORDER

**AND NOW**, this 8th day of May, 2020, following a Preliminary Pretrial Conference on said date, the parties, through counsel, having reported that they are interested in continuing their settlement discussions after completion of some discovery, **IT IS ORDERED** that, on or before September 4, 2020, counsel shall jointly report to the Court (letter to Chambers, Room 12613) with respect to whether the case is settled.  In the event the case is not settled on or before September 4, 2020, counsel shall include in their joint report a statement as to whether they believe a settlement conference before a magistrate judge might be of assistance in resolving the case and, if so, by what date they will be prepared to begin such proceedings.  If the parties agree on alternative dispute resolution and deem it appropriate to suspend further proceedings under the scheduling order until the question of settlement is fully explored, they should request a *vacatur* of the scheduling order in their joint report.

**IT IS FURTHER ORDERED** that the case shall proceed on the following schedule:

1.      Initial Disclosure under Federal Rule of Civil Procedure 26(a)(1) is complete.

All remaining fact-discovery shall proceed forthwith and continue in such a manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by October 2, 2020;

2. Counsel reported at the conference that they did not intend to call at trial any expert witnesses on liability or damages. Should that situation change, counsel shall promptly communicate with one another and provide the Court with a proposed amended scheduling order including deadlines for expert witness discovery;

3. Any motions for summary judgment shall be filed and served on or before October 30, 2020.  Pursuant to the Court's *Pretrial and Trial Procedures*, moving parties shall include with any motion for summary judgment a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue of material fact, with citations to the record.  The response to any such motion shall be filed and served within three (3) weeks of the date of service of the motion but in no event later than November 20, 2020.  The response to the motion for summary judgment shall include a separate, short and concise statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement, as to which it is contended that there exists a genuine issue of material fact, with citations to the record.  The responding party may also set forth, in additional numbered paragraphs, any additional material facts which the responding party contends preclude the granting of the motion for summary judgment, with citations to the record.  Replies shall not be filed absent prior leave of Court.  Two (2) copies of any such motions and responses shall be served on the Court (Chambers, Room 12613) when the originals are filed;

4. All trial exhibits shall be marked and exchanged on or before January 22, 2021;

5. All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

    a. Plaintiff – on or before February 5, 2021.

    b. Defendant – on or before February 19, 2021.

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers, Room 12613) when the original is filed;

      6.      The case will be placed on the Court's trial list on March 5, 2021;[1]

      7.      Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; or, (b) the admissibility for any reason (except relevancy) of any evidence expected to be offered, shall set forth separately each such objection in their Pretrial Memorandum. Each objection shall describe with particularity the ground and the authority for the objection;

      8.      If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel _prior to trial_ for such information. If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial;

      9.      Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of _any witness_ whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness _will not be a ground to delay_ the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith;

---

[1] The case will be tried to a jury. The estimated trial time is three (3) to four (4) days. The case will be assigned to trial on a date selected at a Final Pretrial Conference scheduled after March 5, 2021.

10. The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 12613) at least three (3) days before the case appears on the trial list.  The original shall be filed with the Clerk of the Court;

11. At least three (3) days before the case appears on the trial list, each party shall submit to the Court (Chambers, Room 12613) two (2) copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with pinpoint citations of authority for each point (ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) motions in limine; and, (e) a trial memorandum on the legal issues involved in the case.  The originals shall be filed with the Clerk of the Court.

If a model jury instruction taken, for instance, from O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, or Sand, *Modern Federal Jury Instructions*, or *Pennsylvania Suggested Standard Civil Jury Instructions*, is submitted, the parties shall state whether the proposed jury instruction is unchanged or modified.  If a party modifies a model jury instruction the modification shall be set forth in the following manner:  additions shall be underlined and deletions shall be placed in brackets;

12. At least three (3) days before the case appears on the trial list, the parties shall submit to the Court (Chambers, Room 12613) a joint written statement of the case for reading to the jury at the commencement of the trial which shall cover (a) a brief statement of the facts; (b) a brief statement of plaintiff's causes of action <u>and the essential elements of each cause of action</u>; and, (c) a brief statement of the defenses <u>and the essential elements of each affirmative defense</u>.  The statement of the case shall not exceed two (2) pages in length; and,

13. At the commencement of trial, the Court should be supplied with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which shall briefly describe each exhibit.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**