N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT VOORHEES,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>Defendant. | Civil Action No. 2:19-cv-01761-JD |

**JOINT STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER**

Robert Voorhees ("Plaintiff") and Educational Commission for Foreign Medical Graduates ("Defendant"), by their undersigned counsel, hereby agree as follows:

1. This Stipulation of Confidentiality and Proposed Protective Order (the "Order") shall govern the use and disclosure of all "Discovery Materials," which are created or produced in connection with the above-captioned action. For purposes of this Order, "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents, data, or other things produced by any party to any other, whether or not pursuant to a formal request; answers to requests for admission; documents or things produced by any non-party participating in this litigation, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

2. Plaintiff and Defendant shall have the right to limit access to any Discovery Materials, if such materials include "Confidential and/or Proprietary Information." For purposes of this Order, "Confidential and/or Proprietary Information" means any type or classification of

non-public information within Discovery Materials, which is designated as "CONFIDENTIAL" by counsel for the parties that contains or relates to the following information:

    (a)    Defendant's current or former employees' personnel information, including but not limited to their private benefits and compensation information;

    (b)    Plaintiff's medical records; and

    (c)    Such other sensitive personal, customer, financial, or business information or data that the producing party in good faith believes should be afforded confidential treatment.

3.    If any Discovery Materials include Confidential and/or Proprietary Information (the "Confidential Discovery Materials"), such documents or other tangible items must be designated by conspicuously stamping the word "CONFIDENTIAL" on each page of the designated material or by notifying the other party in writing of the material to be considered so designated. With regard to deposition testimony, a party may designate portions of the record "CONFIDENTIAL" by notifying the other party on the record at the deposition or in writing no later than thirty (30) days after the transcript is received.

4.    Confidential Discovery Materials shall not be used for any purpose other than this litigation and shall not be disclosed or disseminated to <u>anyone</u>, except:

    (a)    a party, inside and outside counsel for any party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only;

    (b)    any expert engaged by a party for the purpose of assisting in the preparation of this litigation, provided, however, that no Confidential Discovery Materials shall be knowingly disseminated to any expert who is employed by a direct business competitor of Defendant;

    (c)    any vendors retained by the parties for the purposes of this lawsuit;

    (d)    any person who was involved in the preparation of the document or information;

    (e)    any other person, entity, or firm with the prior written consent of all parties;

    (f)    the Court and its support personnel, a jury at any trial on the matter, and/or any person that the Court may order;

    (g)    any mediator or arbitrator engaged by the parties or appointed by the Court in this matter;

    (h)    Court reporters; or

    (i)    Deponents during the course of their depositions or potential witnesses of this case.

5.    Any party that provides Confidential Discovery Materials obtained from the other party in the course of this litigation to any person (other than the parties; inside and outside counsel for the parties; Court reporters; any deponent; the Court, court personnel, and court reporters) will first obtain from such person, prior to any such dissemination, a written statement in the format attached as Exhibit "A" hereto, that such person agrees to be bound by this Order. The undersigned counsel for each party shall maintain a list of all such persons along with the written agreement of each person. Upon request of any party at any time, counsel in possession of the written agreements shall immediately provide copies of the written agreements to the requesting party.

6.    Each person who has access to Confidential Discovery Materials must take all due precautions to prevent the unauthorized or inadvertent disclosure of such materials. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Discovery Materials to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose Confidential Discovery Materials were inadvertently disclosed. If a party has actual knowledge that Confidential Discovery Materials are being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall

provide immediate written notice of the unauthorized use or possession to the party whose Confidential Discovery Materials are being used or possessed. However, no party shall have an affirmative obligation to inform itself regarding such possible use or possession of its own Confidential Discovery Materials.

7. Prior to filing any Confidential Discovery Materials with the clerk of the court, the parties shall either redact such information upon filing or request that such documents, or portions thereof, be filed and maintained under seal of the United States District Court for the Eastern District of Pennsylvania.

8. Nothing in this Order shall preclude any party from challenging a designation of Discovery Materials as Confidential Discovery Materials by another party through the manner described herein:

    (a) If any party elects to challenge a designation of any Discovery Materials as Confidential Discovery Materials pursuant to this Order, that party must provide at least ten (10) days advance notice to afford the designating party an opportunity to remove voluntarily such designation.

    (b) If, within the ten (10) day notice period, the designating party has not agreed to remove the designation or the parties are otherwise unable to resolve the challenge to the designation, the non-designating party shall contact the Court for a determination of whether the challenged designation is appropriate. The non-designating party shall provide the Court with one copy of each document, response, or portion of transcript challenged. The designating party has the burden of proving the applicability and/or correctness of any designation.

    (c) If the challenge is not resolved by agreement, or by voluntary removal, and if the Court is not contacted, then the designation shall remain in effect and shall continue to apply to such document or information.

    (d) If a party challenges a designation of any Discovery Materials as Confidential Discovery Materials to the Court, the Discovery Materials will be treated as Confidential Discovery Materials until such time as the Court has ruled on the challenge.

9. The inadvertent production of any Discovery Materials that contain contains attorney-client communications, attorney work product or otherwise privileged information shall

4

be without prejudice to any claim that such item is Confidential Discovery Materials and/or shall not be deemed a waiver of any privilege, and will not otherwise affect the right to seek return of the inadvertently produced document, information or thing under applicable law.

10. The parties do not, by this Order, waive any objections the parties might otherwise have under the rules of discovery or evidence. This Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Order constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. The parties do not waive any right to apply to the Court to seek a modification of this Order. Specifically, this Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

11. Nothing herein shall be construed to preclude or limit the presence of any individual at any depositions, hearings in or the trial of this action.

12. Nothing in this Order shall preclude any party from seeking from the Court an Order that binds third parties to abide by this Order.

13. Nothing in this Order shall prevent a source from using or disclosing its own Confidential Discovery Materials as it deems appropriate. Any such disclosure by a party of its own Confidential Discovery Materials shall not impair the confidentiality obligations imposed upon all other parties and persons subject to this Order, except that any information that is publicly disclosed may subsequently be used by any party or signatory to this Order for any lawful purpose.

14. Upon the request of the Party which produced Confidential Discovery Material, to occur within thirty (30) days of the conclusion of this litigation and any appeals thereto, any

party in receipt of another party's Confidential Discovery Materials shall return or destroy all copies of such Confidential Discovery Materials.

15. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Materials are produced or disclosed.

16. The Court shall retain jurisdiction, both before and after the entry of final judgment in this action, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

Respectfully submitted,

| | |
|---|---|
| */s/ Jamie L. Ford* | */s/ Sean R. Caulfield* |
| Sidney L. Gold (Pa. ID No. 21374) | A. Klair Fitzpatrick (Pa. ID No. 309329) |
| Jamie L. Ford (Pa. ID No. 320631) | Sean R. Caulfield (Pa. ID No. 322461) |
| Sidney L. Gold & Associates, PC | MORGAN, LEWIS & BOCKIUS LLP |
| 1835 Market Street, Suite 515 | 1701 Market Street |
| Philadelphia, PA  19103 | Philadelphia, PA  19103 |
| Phone: 215-569-1999 | Phone: 215-963-5000 |
| Fax:    215-569-3870 | Fax:    215-963-5001 |
| Email:  sgold@discrimlaw.net | Email:  anne.martinez@morganlewis.com |
|            jford@discrimlaw.net |            sean.caulfield@morganlewis.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| *Robert Voorhees* | *Educational Commission for Foreign Medical Graduates* |
| | |
| Dated:  July 24, 2020 | Dated:  July 24, 2020 |

APPROVED and SO ORDERED this 27th day of July, 2020.

BY THE COURT:

/s/ Hon. Jan E. DuBois

Honorable J. Jan E. DuBois

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT VOORHEES,<br><br>      Plaintiff,<br><br>      v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>      Defendant. | Civil Action No. 2:19-cv-01761-JD |

**EXHIBIT "A" TO ORDER FOR PROTECTION OF CONFIDENTIAL INFORMATION**

I hereby certify that I have read the Stipulation of Confidentiality and Protective Order (the "Order") entered by the Court in the above-captioned litigation. I hereby agree to be bound by the terms of the Order and to submit personally to the jurisdiction of the Court for purposes of enforcing my agreement to be bound by the terms of the Order.

I hereby agree that I will use any documents or other discovery produced or provided by a party in the above-captioned litigation for the sole and limited purposes of preparation for and trial of the above-captioned litigation.

Signed under penalty of perjury of the laws of the United States of America, This ____ day of _____, 20__

_____
Name: